SAMUEL SEIDMAN *vs.* MINNIE SEIDMAN.

JANUARY 25, 1933.

PRESENT, Stearns, C. J. Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a petition for divorce on the grounds of extreme cruelty and desertion. The petition was heard in the Superior Court and granted on the ground of extreme cruelty. The court declined to consider the allegation of desertion on the ground of *res judicata*, the petitioner having been convicted in Massachusetts on a criminal charge for desertion and nonsupport. The case is here on respondent's exception to the decision granting the prayer of the petitioner.

The parties were married in 1925 and lived for a time with the petitioner's parents. The petitioner borrowed money from respondent's relatives for the purpose of buying a store which he conducted for a short time until at the instance of respondent's relatives a receiver was appointed.

The testimony of the petitioner is to the effect that there was a constant interference in the affairs of the parties by respondent's relatives and shortly after the store was taken over by a receiver respondent went to Boston to live with her parents. An effort for reconciliation was not successful, although the parties lived together thereafter for a few weeks.

There were no acts of physical cruelty and the evidence of mental cruelty consisted of opprobrious epithets directed to the petitioner by respondent's relatives in which she joined. The petitioner testified that his health was impaired by reason of this treatment but he is not supported in this by any medical testimony.

The record presents a striking case of marital infelicity but there is not sufficient evidence to support a finding of extreme cruelty  The trial justice was evidently of the opinion that the respondent did not desire to live with the petitioner and that she had deserted him; but he declined to consider the allegation of desertion because petitioner had been found guilty of desertion by a jury on a criminal complaint, instigated by respondent in Massachusetts, and for the reason he considered the question of desertion as *res judicata*. We do not agree with his finding in this

respect. A judgment in a criminal proceeding, even when based on the same state of facts, is not a bar to subsequent civil proceedings. 34 C. J. 970, § 1387. There are several reasons for this rule, the most important of which are that, in the two classes of cases, the parties are not the same and the purpose and object of litigation are of a different nature. In the criminal case the issue to be determined is whether a public right has been violated; the civil case is concerned only with the determination of the civil rights of the parties. For these reasons the rule of *res judicata* has no application to the present petition.

The exceptions are sustained and the case is remitted to the Superior Court for a new trial on all the allegations in the petition.

*Bernard B. Abedon*, for petitioner.
*Judah C. Semonoff*, for respondent.

