Rhyner vs. Carver.

RHYNER, Appellant, vs. CARVER, Respondent.

*November 19, 1892 — January 31, 1893.*

*Contracts: Evidence: Agency of wife for husband: Oral evidence to vary written contract: Damages.*

1. In an action for a breach of a contract to deliver fresh, unadulterated milk twice daily at plaintiff's cheese factory, plaintiff introduced the testimony of several of defendant's employees that, by direction of defendant's wife, they had frequently mixed skimmed milk with the fresh milk before delivery. *Held,* that this must be construed as an admission by plaintiff of the agency of the wife for her husband, and that he cannot complain that she was afterwards allowed to testify that she never gave any such direction.

2. Witnesses for plaintiff having stated that they had seen defendant take milk from his cellar to the cans which went to the cheese factory, defendant was properly allowed to explain that this was unskimmed morning's milk which plaintiff had told him he might bring to the factory at night — such evidence being admissible, not as showing a change in the contract (which was in writing, and required so to be by the statute of frauds), but as showing facts which would estop plaintiff from claiming a breach of the contract by these acts.

3. The damages claimed being for a reduction in the quality and value of the cheese manufactured during the season, the facts that plaintiff had accused other patrons of skimming their milk during that season and had collected certain sums from them as damages, were material upon the question of the damages properly recoverable from defendant.

APPEAL from the Circuit Court for *Green* County.

*Rhyner* was a cheese manufacturer, and in February, 1890, entered into a written contract with *Carver*, a farmer, by which *Carver* was to deliver at the factory, twice a day, from May 1 to November 1, 1890, the milk from fifteen cows, for which *Rhyner* was to pay certain prices, fixed by the contract; the milk to be "sweet, fresh, healthy, and unadulterated."

Milk was delivered every day under the contract, and *Rhyner* in his complaint alleges that *Carver* violated his contract by mixing a quantity of skimmed milk with the fresh milk each day, by which he was damaged. The defendant denied the alleged adulteration, and the trial resulted in a verdict and judgment for the defendant, from which plaintiff appeals.

*John M. Becker,* for the appellant.

For the respondent the cause was submitted on the brief of *P. J. Clawson.*

The following opinion was filed December 6, 1892:

WINSLOW, J. A number of errors are assigned, which will be considered in their order.

1. Plaintiff introduced the evidence of several girls who worked for *Carver* during the summer, and who testified that they frequently emptied pans of skimmed milk into the cans which went to the cheese factory, by direction of Mrs. Carver, wife of the defendant. A motion to strike out the testimony that this was done by direction of Mrs. Carver was denied, and the defendant put Mrs. Carver on the stand, and she was allowed, against plaintiff's objection, to deny that she ever directed the girls to put skimmed milk in the cans. This is now alleged as error. It seems probable that the testimony on both sides was proper, on the ground that the matter in question was a part of the management of household affairs in which the

wife's agency for her husband will be presumed (*Savage v. Davis*, 18 Wis. 608), but, whether this be so or not, the plaintiff is in no position to complain of the ruling, because he must be considered as having admitted the wife's agency by himself proving the wife's directions, which were only admissible on the ground of her agency. Furthermore, the court charged that if the skimmed milk was put in by direction of defendant's wife, *or by defendant's servants*, in either case defendant would be liable for it, so the question became immaterial in any view.

2. Defendant was allowed to testify, against objection, that in June *Rhyner* told him that if he had a pan of morning's milk in the cellar, untouched and unskimmed, he could bring it to the factory at night, and that at several times this had been done. The evidence was objected to, as was also the charge of the court on the subject, on the ground that it tended to vary by parol the terms of a contract which must be in writing under the statute of frauds, and because no such defense was pleaded. Neither objection is well founded. It was not necessary to plead these alleged facts, because the only breach of contract alleged in the complaint was that skimmed milk was put in the can, and this evidence was plainly no defense to that charge; but, evidence having been introduced by plaintiff on the trial of certain witnesses who claimed to have seen *Carver* take milk from the cellar to the can, it was proper to explain those suspicious actions by showing that it was unskimmed milk, put in the can by permission of the plaintiff; not as showing a change in the contract, but as showing facts which, if true, would estop the plaintiff from claiming a breach of the contract by these acts.

3. The plaintiff was called as a witness by defendant, and asked if he had not accused other patrons of skimming their milk in the summer of 1890, and collected certain sums from them as damages; and he was required to an-

swer these questions, against objection. This is alleged as error. Inasmuch as he claims in this action to recover of defendant damages generally for reduction in the quality and value of his cheese manufactured during that season, these questions seem entirely proper on the question of damages properly recoverable of this defendant.

4. It is said that the verdict is clearly against the preponderance of the evidence. An examination of the record convinces us that there is ample evidence to sustain the verdict. No other points require attention.

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied January 31, 1893.