ROBERTS and another, Respondents, vs. NORTHWESTERN NA-
TIONAL INSURANCE COMPANY, Appellant.

*April 4 — April 23, 1895.*

(1) *Husband and wife: Agency: Evidence.* (2–4) *Insurance against fire:
Disappearance of owner: Action by agent in owner's name: Proofs·
of loss: Waiver: Estoppel.*

1. Where the authority of a husband as agent of his wife is not in
writing or required to be, he may himself testify to the agency·
and thus qualify himself as a witness for his wife.

2. A husband authorized by his wife to manage her property and keep·
it insured having, as her agent, taken charge of and controlled
such property, effected insurance thereon, paid the premium, and
received and retained the policy, and she having disappeared so
that she could not be communicated with, it was competent for
him, as such agent, to make proofs of loss and to commence and
prosecute an action on the policy in her name. [Whether he·
would be entitled to receive the proceeds of a judgment in such
action, not determined.]

3. The owner of a building and personal property which were insured
disappeared before they were burned. Within the time specified
in the policy for the furnishing of proofs of loss, an adjuster of·
the company, having full authority, received from the owner's
agent a list of the personal property destroyed, with the values·
thereof, and retained it, and told said agent that he was ready to
settle if the owner were there, and that because the owner was not
there he could not settle. No other proofs of loss were requested
by the company. *Held*, that the list mentioned must be regarded
as proofs of loss, and that the company was estopped to object.
that no sufficient proofs had been furnished.

4. As against such estoppel, the company is not aided by a clause in
the policy providing that no waiver of its conditions should be
effectual unless indorsed thereon.

APPEAL from a judgment of the circuit court for Outa-
gamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover upon a policy of fire insurance. On the·
31st day of October, 1889, the plaintiff *Jane Roberts* owned
a dwelling house in the city of Kaukauna, and the household·

furniture and personal property therein. The plaintiff *O' Connell* had a mortgage on the real estate, upon which there was due at the time of the trial of the action $112.33. The defendant company issued its policy of insurance to *Jane Roberts*, November 1, 1889, running for three years, for $650 upon the building, and $350 upon the personal property therein; the loss being "first payable to *John O' Connell* as his interest may appear." The policy contained provisions for immediate notice in case of loss, and for the rendering of detailed proofs within sixty days after the date of the loss.

*Jane Roberts* was the wife of Owen Roberts, and had been such for years prior to the issuing of the insurance policy. In the fall of 1888 she deserted her husband and has not been heard from since. The testimony showed that prior to such desertion she had directed her husband, Owen Roberts, to take charge of the property, keep it in repair, and keep up the insurance. On the 9th of May, 1891, the building and its contents were destroyed by fire, the house being then occupied by one Pelton, a son-in-law of Mr. and *Mrs. Roberts*, who had also been directed by *Mrs. Roberts* to look after the property and keep it insured while Mr. Roberts was absent. The policy was issued by the local agent, on the application of Owen Roberts, either to him or to Pelton acting for him, and Roberts paid the premium.

This action was commenced in the name of *Jane Roberts*, by authority of her husband, Owen Roberts. The defendant, by answer, alleged that the action was commenced without authority of *Jane Roberts*, and hence should be dismissed; also, that no proofs of loss were ever furnished as required by the policy. At the close of the testimony the court directed a verdict for the plaintiffs for the full amount of the policy, fixing the interest of the plaintiff *O' Connell* at $112.33, and from judgment on the verdict defendant appealed.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

For the respondents there was a brief by *Lyman E. Barnes* and *G. H. Dawson*, and oral argument by *Mr. Barnes*

Winslow, J.   The evidence of the husband, Owen Roberts, was received, against objection, to show that he had been made the agent of his wife to take care of and manage the property destroyed, and to keep it insured.   In other words, the husband was allowed to qualify himself as a witness for his wife by testifying directly to the fact of his agency.   The appellant claims that this was error, and that the fact of such agency must be proved by other evidence. This is the first question presented.   This exact question was presented and decided in the case of *O' Conner v. Hartford F. Ins. Co.* 31 Wis. 160, where it was distinctly held that the authority of an agent, when not in writing or required to be, may be proved by the agent himself, and that this principle operates in the case where the wife acts as agent for the husband, or the husband for the wife.   We see no good reason to change the rule thus laid down.   In the present case there was also evidence by another witness which showed that Roberts was directed by his wife to take charge of the property and look after the insurance.

It appears by the evidence that Roberts did take charge of the property and control it; that he effected the insurance, and paid the premium, either personally or through the agency of his son-in-law Pelton, who lived in the house, and received and retained possession of the policy.   Under these circumstances, taken in connection with the fact that the wife has disappeared and cannot be communicated with, we have no doubt that it was competent for him, by virtue of his authority as agent, to make proofs of loss, and to commence and prosecute this action in his wife's name.   Whether he would be entitled to receive the proceeds of the judgment is a question not now before us.

A single objection remains to be considered, and that is

that no proofs of loss were furnished as required by the
policy.   It appears by the evidence that one Wheeler was
the adjuster of the company, who had, as he himself tes-
tifies, absolute authority to settle and adjust this loss.
Wheeler went to the scene of the fire a week or ten days
after it took place.   He met Pelton, and together they went
to the site of the burned building.   Wheeler testifies that
he knew that Pelton was the son-in-law of *Mrs. Roberts,*
and that he knew to "a certain extent" he (Pelton) was rep-
resenting the interests of *Mrs. Jane Roberts;* that he was
satisfied that the building was a total loss, and that the in-
sured personal property had been destroyed; that Pelton
gave him a list of the personal property said to have been
destroyed; that Pelton told him *Mrs. Roberts* had departed,
and that he told Pelton that he could make no settlement
of the loss in her absence; that he said to Pelton that he
was ready and willing to settle the loss if he could find the
proper person to do it with, and that *Mrs. Roberts* was the
proper person; that he gave Pelton to understand that, be-
cause *Mrs. Roberts* was not there to give a receipt, there-
fore the company could not settle the loss.   Pelton testifies
that he gave Wheeler a list of the personal property de-
stroyed, with values, and that he took it away with him.
Wheeler testifies with regard to this that he will not dispute
the fact that Pelton gave him a copy of the paper.   No
other proofs were ever requested by the company, nor was
any other objection ever made by the company to the pay-
ment of the loss, except the objection made by the adjuster.
The adjuster had full authority to settle the loss and pay it
by draft on the company.   He was, to all intents and pur-
poses, the company.   He received and retained a list of the
personal property destroyed, with the values thereof, within
the time when proofs were required to be furnished, and
told the plaintiff's agent that he was ready to settle if *Mrs.
Roberts* was there, and that because she was not there he

could not settle it.    The list of property destroyed, we think, must, under the circumstances, be considered as proofs of loss, which, though very defective, might be accepted as such by the company.    It is well established that an insurance company, by not placing its refusal to pay on the ground that no sufficient proofs have been received, will be deemed to have waived objection on that ground.    *Warner v. Peoria M. & F. Ins. Co.* 14 Wis. 318.

Nor does the clause in the policy providing that no waiver of the conditions of the policy shall be effectual unless indorsed thereon, aid the defendant.    Though called a waiver, the facts in evidence constitute properly an estoppel *in pais*.    It appears from the testimony that there was ample time to make proofs, but that the reason full proofs were not made was because of the conversation with Wheeler. Here are all the elements of an estoppel.    By the acts and declarations of the defendant the plaintiff's agents were naturally and almost necessarily induced to believe that further proofs were unnecessary, and acted on that belief to their disadvantage.    The company cannot now take advantage of either clause of the policy, after such action. 2 May, Ins. (3d ed.), §§ 473, 473a.

These remarks dispose of all the material questions raised by the appellant.    Our conclusion is that a verdict was rightly directed for the plaintiffs.

*By the Court.*— Judgment affirmed.