Parb, Plaintiff in error, vs. The State, Defendant in error.

*October 8—October 25, 1910.*

*Criminal law: Burning insured property: Pleading: Unlicensed insurance company: Cross-examination of accused: Discretion: Jury: Unauthorized view: Harmless error.*

1. An information under sec. 4405, Stats. (1898), charging the wilful burning of insured property with intent to defraud the insurer, need not allege that the insurer was authorized to do business in this state. The gravamen of the offense being the

wilful burning with intent to recover the insurance, the ac-
cused may be convicted notwithstanding invalidity of the pol-
icy, if he believed it to be valid.

2. It was not an abuse of discretion in this case, upon cross-exami-
nation of the accused, to compel him to answer various ques-
tions as to his past history in order that the jury might judge
of his credibility.

3. While it was misconduct on the part of jurors to visit the dam-
aged building during the trial without a view having been au-
thorized, such misconduct does not require a reversal of the
judgment under sec. 3072m (Laws of 1909, ch. 192), no substan-
tial rights of the accused appearing to have been affected
thereby.

ERROR to review a judgment of the circuit court for
Sheboygan county: MICHAEL KIRWAN, Circuit Judge.     *Af-
firmed.*

The cause was submitted for the plaintiff in error on the
brief of *F. Vollrath,* and for the defendant in error upon that
of the *Attorney General* and *Edward Voigt,* district attorney.

WINSLOW, C. J.     *Parb* was convicted under sec. 4405,
Stats. (1898), of wilfully burning insured property, consist-
ing of merchandise, with intent to injure the insurers, and
he brings his writ of error to reverse the judgment.

It is not deemed necessary to make any detailed statement
of the facts.     The following propositions are decided:

1. The evidence, though all circumstantial in its character,
was sufficient to justify the jury in returning a verdict of
guilty.

2. It was not necessary to allege in the information that the
insurance companies attempted to be injured were authorized
to do business in this state under sec. 1915, Stats. (1898),
although it appeared on the trial that such companies were
organized under the laws of another state.     The gravamen of
the offense is the wilful burning of property with the intent
to realize the insurance thereon, and this is accomplished
just as completely whether the policy be valid or invalid, pro-

vided the insured believed it to be valid, as quite conclusively appears in this case.    *McDonald v. People,* 47 Ill. 533; *State v. Tucker,* 84 Mo. 23.

3. The plaintiff in error was a witness in his own behalf, and upon his cross-examination he was required to answer against objection many questions relating to his past history—where he had lived, what had been his occupation, and what had been the circumstances under which he had lived.    We do not deem it necessary to state the evidence so received. The fact appeared that he had traveled under different names, and we think the court did not abuse its discretion in allowing a considerable latitude to the state in this direction.    In order to judge of his credibility the jury was entitled to know the previous manner of life of this accused person who had made himself a witness.    *State v. Nergaard,* 124 Wis. 414, 102 N. W. 899.

4. It appears that during the trial several of the jurymen went to the building where the fire occurred, which it seems was not destroyed but only damaged, and made some examination of it.    This was misconduct on the part of such jurors.    *Peppercorn v. Black River Falls,* 89 Wis. 38, 61 N. W. 79.    Such misconduct should not result in reversal of the judgment, however, unless in the opinion of the court it appears that it has affected the substantial rights of the plaintiff in error.    Sec. 3072*m,* Stats. (Laws of 1909, ch. 192). After an examination of the entire record we cannot say that it so appears.    The trial judge examined into the matter very carefully and took the testimony of all the jurors and became convinced that such examination of the building had not in any way affected the verdict or prejudiced the plaintiff in error, and we are unable to say that his conclusion was not correct.

*By the Court.*—Judgment affirmed.