KARLEN and others, Appellants, vs. HADINGER, Respondent.

*September 15—October 3, 1911.*

*Evidence: Adulteration of milk: Civil action: Plea of guilty in criminal case: Analyses and tests not conclusive: Witnesses: Competency: Agency of wife for husband: Opinions.*

1. The fact that a person has pleaded guilty in a criminal prosecution for watering milk does not preclude him, in a civil action for damages, from denying that he watered it.
2. Since chemical analyses and other scientific tests are subject to errors and inadvertences and the narrative thereof must always rest upon the veracity of the operators, they are not conclusive upon a jury.
3. In an action for damages for the watering of milk, defendant's wife, who milked some of the cows and handled some of the milk on the occasion in question for her husband, he being the owner and having delivered the milk, was a competent witness in his behalf.
4. A dairy farmer owning eighty to one hundred milk cows was competent to give an opinion as to the effect of fodder upon the quality of milk.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

*W. H. M'Grath* and *J. L. Sherron,* for the appellants.

For the respondent there was a brief by *A. S. Douglas* and *J. M. Becker,* and oral argument by *Mr. Becker.*

TIMLIN, J.   The appellants, proprietors of a cheese fac-
tory, had a contract with respondent for the delivery of milk.
This contract contained a stipulation that if the respondent
delivered milk which was adulterated, skimmed, or watered
he should be liable to a penalty of $50 to be paid to the appel-
lants, and by appropriate provisions appellants' damages were
fixed at that sum in case of such breach.   In this action to
recover these damages the appellants made proof of the deliv-
ery of milk by the respondent from which samples were taken
and submitted to what is known as the Babcock test.   The
specific gravity and the angle of refraction thereof were as-
certained and compared with other samples of milk from the
same herd, and from these tests the chemists concluded that
there was seventeen per cent. of water in the milk in question.
The respondent had also pleaded guilty in a criminal pros-
ecution for the same act.   This would not conclude him in
the instant case from denying that he watered the milk.   The
respondent and his wife and son, who attended to the milking
and delivery of the milk on the day in question, testified that
no water was added to the milk.   The jury found a verdict
for defendant, and it is argued that the verdict should have
been set aside as unsupported by evidence.

Although there might in our opinion be a preponderance of
evidence against the respondent we cannot disturb the verdict
for such reason.   Under the common-law system the jurymen
are triers of questions of fact.   That practical system, founded
upon ages of experience, recognizes that even granting sub-
stantial accuracy to chemical analyses and scientific tests when
carefully made under proper conditions, yet these analyses
and tests are made by fallible human hands, directed by
fallible human minds, and subject to errors and inadvertences,
and the narrative thereof also must always rest at last upon
the veracity of the operator or operators.   Hence there was a
question for the jury to decide.

It is contended that defendant's wife was not a competent

witness in his behalf; but she milked some of the cows and handled some of the milk on the morning in question for her husband, who was the owner thereof and who delivered the milk. For this reason she was a competent witness. *Rhyner v. Carver,* 84 Wis. 181, 53 N. W. 849; *Northwestern Nat. Ins. Co. v. Roberts,* 90 Wis. 210, 62 N. W. 1048. It was necessary for respondent to call his wife as a witness, otherwise his defense would be left subject to the imputation that she was the one who put the water in the milk which he delivered to appellants.

We do not think there was error in permitting the witness Klassy, a dairy farmer owning eighty to one hundred milk cows, to give his opinion respecting the effect of fodder upon the quality of milk. *Whitney v. C. & N. W. R. Co.* 27 Wis. 327; *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 106 N. W. 1081.

Finding no error in the record the judgment should be affirmed.

*By the Court.*—Judgment affirmed.

BARNES, J., took no part.