SMITH, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 26—March 12, 1912.*

*Criminal law: Burning insured property: Validity of policy: Unlicensed company: Authority of agent: Evidence.*

1. In a prosecution under sec. 4405, Stats. (1898), for wilfully burning insured property with intent to defraud the insurer, it is not essential to prove that the insurance was under a valid policy, if the insured believed it to be valid.
2. The policy is admissible in evidence in such a case without proof that the insurance company was licensed to do business in this state.
3. Oral testimony of the person who countersigned the policy as agent and delivered it, that he was the company's agent, was competent to show his authority in that regard.
4. Failure by a foreign insurance company to comply with sec. 1945e, Stats. (1898),—forbidding the writing of policies except through agents duly authorized by the insurance commissioner,—does not relieve the company from liability upon its policies issued contrary to that statute.

ERROR to review a judgment of the municipal court of Racine county: WILLIAM SMIEDING, JR., Judge. *Affirmed.*

The plaintiff in error was convicted of having violated sec. 4405, Stats. (1898), prescribing punishment for wilfully burning any building which shall, at the time thereof, be insured against loss or damage by fire, with intent to injure the insurer.

Plaintiff in error obtained insurance, in due form, on her dwelling house, through an agent. The policy was made on a printed blank signed by the officers of the company in the usual way and countersigned by such agent. The latter testified without objection, that he was such agent to do such business at the time the policy was issued. There was no affirmative evidence as to whether the company was licensed to do business in this state. During the policy period the building was injured by fire. Prior thereto a judgment of foreclosure of a mechanic's lien on the building had been entered

and some proceedings taken in regard to the enforcement thereof. Between the time of such entry and the fire the accused removed most of her furniture from the building and absented herself therefrom, in general, except nights. She had the policy of insurance in her possession when the fire occurred and retained it thereafter though asked therefor. There was evidence tending to prove that she supposed the insurance on the building to be enforceable when the fire took place. The cause was submitted to the jury on the evidence, resulting in a conviction and sentence.

The cause was submitted for the plaintiff in error on the brief of *John H. Paul,* and for the defendant in error on that of the *Attorney General, Russell Jackson,* deputy attorney general, and *William W. Storms,* district attorney for Racine county.

MARSHALL, J. The cause involves a few questions which may well be briefly answered.

Was it essential to prove that the insurance was under a valid policy? That is ruled in the negative by *Parb v. State,* 143 Wis. 561, 128 N. W. 65. It is considered that no time need be spent justifying the decision in that case. It may be regarded as now considerately affirmed.

Did the court err in permitting the insurance policy to be received in evidence without proof that the company was licensed to do business in this state? That is also ruled in the negative by *Parb v. State, supra.* If plaintiff in error received the policy as the contract of the company and relied thereon up to and inclusive of the time of the fire and purposed, at such time, to recover thereon, that was sufficient as regards the statute, sec. 4405. Moreover, as suggested, the company was liable regardless of whether it offended against the statute in doing business here without being licensed.

Was the oral evidence of the person who countersigned the policy as agent and delivered it, that he was the company's

agent, competent to show authority in that regard? The fact of agency may be established by oral testimony of the agent where his appointment is not in fact in writing, or required to be. *O'Conner v. Hartford F. Ins. Co.* 31 Wis. 160; *Roberts v. Northwestern Nat. Ins. Co.* 90 Wis. 210, 62 N. W. 1048. There is no written law requiring, as between an insurance company and third persons, agency appointments to be in writing. Sec. 1945e, Stats. (1898), penalizes the doing of business by a foreign insurance company in this state other than through agents duly authorized by the commissioner of insurance. The purpose of that is not to protect insurance companies. Failure to comply therewith by a company does not relieve it from liability upon its policies issued contrary to the statute. That sufficiently answers the foregoing questions but it might have been well passed with the suggestion that the evidence was received without objection.

It is said that the policy was void when the fire occurred because of a provision therein that, in case of the entry of a judgment of foreclosure and sale, the insurance shall become void. Counsel does not correctly quote from the policy. The language is this: The insurance shall be void in case of foreclosure proceedings "under any mortgage or trust deed." There were no such proceedings. Moreover, it was sufficient for the case, as before indicated, if plaintiff in error held the policy at the time of the fire supposing it to be enforceable, and fired the building intending to rely upon the policy contract for indemnity.

*By the Court.*—Judgment affirmed.