HIRSCH ROLLING MILL COMPANY, Respondent, vs. MILWAUKEE & FOX RIVER VALLEY RAILWAY COMPANY, Appellant.

*February 14—March 13, 1917.*

*Statute of frauds: Oral modification of written contract: Validity: Estoppel: Pleading.*

1. Where the parties to a written contract for the sale and delivery of goods made an oral agreement extending the time for delivery, and the seller relied thereon and but for such agreement would have made delivery within the time previously specified, the buyer is estopped from asserting that such oral modification of the written contract was invalid under the statute of frauds.

2. Such estoppel is *held* to have been sufficiently pleaded in this case, every material fact necessary thereto being alleged except the fact that the seller relied upon the oral agreement and but for it would have made delivery in accordance with the written contract, and that fact being, under all the circumstances, inferentially pleaded by an allegation to the effect that the buyer had waived performance.

3. An estoppel need not be specially pleaded if the facts showing it are within the issues made by the pleadings and the evidence showing it is admissible for any purpose thereunder.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action for damages for breach of contract. As a result of dealings had between the parties prior to November 8, 1907, plaintiff had delivered at Elkhart Lake station in the county of Sheboygan ten railroad cars loaded with steel rails and angle bars. These rails the defendant had refused to accept. As an adjustment of the controversy the parties, on November 8, 1907, entered into a new contract, by the terms of which it was provided that the plaintiff should sell and the defendant purchase six miles of track rail at $30.50 a ton, estimated at about 600 tons, one half of such rails to be delivered at Elkhart Lake before November 28, 1907, and the remainder within forty-five days, or by December 23, 1907. The contract provided for the disposition of the rails shipped under the prior arrangement and that plaintiff rebate to the defendant the amount which had been paid on the prior contract. It is undisputed that under the new contract of November 8th, one half of the rails, or about 300 tons, were delivered and paid for. On November 11, 1907, there was a written modification of the contract of November 8th, by which it was agreed that the ten carloads might be shipped to some other place and be inspected there, or that plaintiff might in lieu of that supply other rails. On November 12th, by telegram, confirmed by letter December 7th, there was an agreement to take sixty-one and one-half pound rails instead of those specified in the contract. By letter dated Decem-

ber 3d plaintiff announced its readiness to deliver the remaining 300 tons. On December 14, 1907, a thirty-day extension was granted to January 22, 1908, for the delivery of the remainder of the rails. No more of the rails were ever delivered. The parties met on January 3, 1908, in Indiana, and plaintiff contends that at that time there was an oral agreement made by the parties by which the time of delivery was extended from January 22, 1908, to February 1, 1908, and, if plaintiff should request it, a further extension to February 22d. . The defendant denies the making of this oral agreement. January 9, 1908, plaintiff sent a proposed extension of time to defendant's agent. No answer appears to have been made to this until some time subsequent. On January 18, 1908, the defendant gave notice that it would not grant the extension and that plaintiff would be held to its original contract. This notice was received by plaintiff January 20th, too late to permit delivery of the rails by January 22d. Delivery was thereafter tendered by the plaintiff and refused by the defendant as being too late.

A jury trial was had, and the jury found (1) that there was an oral agreement between the parties extending the time of delivery of the rails after January 22, 1908, and (2) that such extension was made at the request of the plaintiff. It was stipulated that if the plaintiff was entitled to recover it was entitled to recover $900 and interest. Upon the verdict and stipulation judgment was entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, all of Milwaukee, and oral argument by *Mr. Newcomb.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Carl Muskat.*

Rosenberry, J. Defendant contends that the contract of November 8th, being one required by the statute of frauds to

be in writing, cannot be modified by parol agreement so as to extend the time for delivery of the rails beyond January 22, 1908. We do not find it necessary to determine that matter in this case. The jury having found that the defendant did make a parol agreement by which the time of performance was extended beyond the 22d day of January, 1908, and it appearing by the undisputed testimony that plaintiff relied thereon, and it appearing that but for such oral agreement it would have made delivery within the time specified in the contract, we are of the opinion that defendant is estopped from taking advantage of the failure of the plaintiff to comply with the terms of the original contract. *Thompson v. Poor,* 147 N. Y. 402, 42 N. E. 13; *Smiley v. Barker,* 83 Fed. 684; *Stearns v. Hall,* 9 Cush. 31; *Kingston v. Walters,* 16 New Mex. 59, 113 Pac. 594; *Scott v. Hubbard,* 67 Oreg. 498, 136 Pac. 653; *Longfellow v. Moore,* 102 Ill. 289. One party to a contract cannot invoke the statute of frauds to close the door to a trap in which the other party may be caught by reason of having relied upon an oral agreement made between the parties. Here the plaintiff tendered performance within the time fixed by the parol agreement and the defendant refused to accept the goods for the reason that the offer to perform was too late. Under the facts in this case the defendant is estopped from asserting the invalidity of the parol agreement and must respond in damages.

Appellant urges that plaintiff cannot have the benefit of an estoppel in this action because an estoppel was not pleaded. Ordinarily estoppel must be pleaded. *Lawton v. Racine,* 137 Wis. 593, 119 N. W. 331. However, if the facts showing the estoppel are within the issues made by the pleadings and the evidence showing the estoppel is admissible for any purpose thereunder, it is not necessary that the estoppel should be specially pleaded. In this case every material fact necessary to create an estoppel was alleged in the pleadings, except there was no allegation therein that plaintiff relied upon the oral agreement and for that reason failed to make

delivery within the time specified in the contract.    The complaint, however, does contain an allegation that the plaintiff duly discharged all of its obligations under said contract by the performance and tender of performance and by waiver of performance by the defendant, or all or part of such methods.    Under the circumstances of this case an allegation that the defendant has waived performance is equivalent to an allegation that the plaintiff acted upon the parol agreement, for otherwise there could be no waiver.    The plaintiff having acted upon the parol agreement must have relied upon it. While waiver and estoppel are not always the same, the terms are often used interchangeably.    *Roberts v. Northwestern Nat. Ins. Co.* 90 Wis. 210, 62 N. W. 1048.    The evidence establishing the fact that plaintiff did so rely upon the parol agreement and that except for it delivery would have been made in accordance with the terms of the original contract as modified, was brought out upon cross-examination by the defendant and came in without objection.    We are of the opinion that the trial court correctly held that estoppel was sufficiently pleaded.

*By the Court.*—Judgment affirmed.