STATE OF MAINE

*vs.*

HARRY E. FITZGERALD

AND

HARTFORD ACCIDENT AND INDEMNITY CO.

Kennebec.    Opinion, June 1, 1944.

*Frank I. Cowan,* Attorney General,

*William H. Niehoff,* Assistant Attorney General, for the State.

*Christopher S. Roberts,* for the respondents.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J. This is an action of debt to recover the penalty of a bond alleged by the State to have been given in accordance with the provisions of Public Laws 1937, Chap. 237, Sec. 4. The case is before us on an exception to a ruling of the presiding justice, who, sitting without a jury, ordered judgment for the plaintiff.

The section of the statute involved reads as follows:

"*Bond for hotels, clubs, and restaurants.* No license shall be granted to a hotel, club, or restaurant until the applicant therefor has filed with the liquor commission a surety bond payable to the State of Maine in the penal

sum of $1,000 as liquidated damages in case of default as hereinafter mentioned. Such bond shall have as surety a duly authorized surety company or 2 individuals to be approved by the commission. All such bonds shall be conditioned for the faithful observance of all the laws of the State of Maine, and the rules and regulations pursuant thereto, relating to spirituous and vinous liquors. Such bonds shall be filed with and retained by the commission. Upon the revocation of the license of any licensee in this section mentioned, the attorney-general shall bring an action of debt in any county in the state, upon the bond given by such licensee to recover the penal sum thereof as liquidated damages."

The facts established by the record are not in dispute. The defendant, Fitzgerald, made application to the Maine State Liquor Commission for a hotel license to sell spirituous and vinous liquors in the State of Maine for the year 1943. The license was granted on his filing a bond in the sum of $1,000 with the defendant Hartford Accident and Indemnity Co., as surety. After reciting the fact of Fitzgerald's application for a license, the bond reads in part as follows:

"Now THEREFORE, the condition of this obligation is such that if upon and after the issuance of such license the above bounden principal shall fully and faithfully observe the provisions of all the laws of the State of Maine and the rules and regulations promulgated by the State Liquor Commission relating to spirituous and vinous liquors, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect.

"And the obligors, jointly and severally, for themselves, their heirs, executors, administrators, successors and assigns, do agree with the State of Maine that upon violation of said Chapter 301, of the Public Laws of 1934, or of any laws of the State of Maine or the rules and

regulations promulgated by the State Liquor Commission relating to spirituous and vinous liquors and upon the revocation of the license aforesaid for any such violation during the continuance of said license the penal sum of this bond shall be due and payable."

It is obvious that the obligation of the bond is not in accord with the provisions of the statute. The statute requires only that the bond "shall be conditioned for the faithful observance of all the laws of the State of Maine, and the rules and regulations pursuant thereto, relating to spirituous and vinous liquors." It is unnecessary to decide whether the revocation of the license by the commission is a condition precedent under the statute to an action on the bond or merely a directive to the attorney general to bring an action on such revocation. But certainly liability as prescribed by the statute does not depend, as the second paragraph of the bond seems to provide, on a violation of a law of the state or a rule or regulation of the commission, *and a revocation of the license for any such violation*.

We think that this failure to analyze the terms of the statute in question is at the basis of the misconception which the attorney-general seems to have with respect to the extent of the defendant's liability. He seeks to maintain the astounding doctrine that the revocation of the license by the commission in and of itself establishes the liability of the parties to the bond, not only as to the principal who had a right to a hearing before the commission, but as to the surety who had no such right. In other words in an action on the bond the courts of this state have no other function than to accept without question the findings of the commission as conclusive proof of the facts on which such revocation presumably was ordered. There is nothing in the language of the statute to justify such a doctrine, nor does its purpose require us to place such a construction on it, which is contrary to all established principles of law.

*Mead* v. *City of Boston,* 3 Cush. (Mass.) 404; *Betts* v. *New Hartford,* 25 Conn., 180; *Karlen* v. *Hadinger,* 147 Wis., 78, 132 N. W., 591; *Bishop* v. *Webster,* 154 Va., 771, 153 S. E., 832 (1930); Greenleaf on Evidence (13 ed.) Sec. 537.

In the argument for the State it was not suggested that this provision of the bond, which finds no warrant in the statute, might be rejected as surplusage. Possibly counsel for the plaintiff felt that there was nothing in the record before us except the revocation of the license to show a breach of the bond and that his case must stand or fall on the basis that such revocation was in fact a breach. The stipulation does not admit any violation of the statutes relative to the sale of intoxicating liquor. It admits only that in the Waldo County Municipal Court on a plea of nolo contendere the defendant Fitzgerald was found guilty of such violation. But the law is well settled that a conviction in a criminal case is not evidence in a civil action to establish the facts on which it is rendered. See the authorities cited above and also *Bradley* v. *Bradley,* 11 Me., 367, which by inference shows that such conviction is admissible only when based on a plea of guilty. It is the admission by the plea, not the fact of the conviction, which is evidence. See particularly *Mead v. City of Boston,* supra, 407. And the plea of nolo cannot be used as an admission against the accused in a civil suit. *Com.* v. *Tilton* 8 Metc. (Mass.) 232; 22 C. J. S., 659. See also *Hudson* v. *United States,* 272 U. S., 451, 455, 47 S. Ct., 127, 71 L. Ed., 347.

It is unnecessary to decide whether recovery can be had on this instrument as a common law bond for a violation of the provisions of the second paragraph. For, as we have pointed out, there is no evidence in the record to show a violation. The conviction is not such evidence, and if it were, the revocation of the license was not because of such conviction as the terms of the bond seem to require.

*Exception sustained.*