LUKE and another, Plaintiffs, v. NORTHWESTERN NA-
TIONAL CASUALTY COMPANY and another, Defend-
ants and Appellants: STARR'S WHEEL ALIGNING,
INC., Impleaded Defendant and Respondent.

*June 7—July 1, 1966.*

532

For the appellants there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* and *George W. Greene, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Greene* and *Mr. Hahn.*

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *James P. Reardon* and *Keith I. Johnston* of counsel, all of Milwaukee, and oral argument by *Mr. Reardon.*

HALLOWS, J. In its order for judgment the court stated the answers relating to Starr's negligence and its causal effect "were based upon speculation and conjecture in view of the testimony and most particularly the testimony of Richard Helm with respect to his inability to give an opinion as to how long the wearing had been taking place on the brake hose in question, and in view of the other evidence." The issue on this appeal is whether there was any credible evidence sufficient to sustain the jury verdict; if there was, the trial court should not have changed the answers.

The evidence is practically undisputed that Vollbrecht had a complete brake job done at Starr's on July 18, 1960, for which he paid $93.71. Vollbrecht experienced no difficulty with his automobile or brakes from that day until the date of the accident when his brake pedal went down to the floor when he attempted to stop at the rear of the plaintiff's car. Between the time the brakes were

fixed and the accident, Vollbrecht had traveled some 1,400 or 1,500 miles. At the scene of the accident a wet coating in the center well of the right-front wheel of Vollbrecht's car was observed. Later at the garage, it was found the flexible brake hose leading from the steel brake line to the right-front wheel had been worn through or gouged so as to permit the loss of the braking fluid and pressure. It was testified this flexible brake hose had to be removed from the wheel upon making a complete brake-repair job.

Mr. Helm was qualified as an expert and testified he examined the Vollbrecht vehicle at the garage and determined the brake hose was leaking a brake fluid from a grooved area of the flexible hose which had been worn completely through, and such wearing could have been caused by light rubbing for a long period of time or by a heavy rubbing against the front suspension of the car for a short period of time, but he was unable to testify which of these conditions had existed. However, the expert did testify to a reasonable probability the wearing had been going on for several thousand miles. This testimony does not lack probative value. On the evidence, the jury could draw a reasonable inference the brake hose must have been or, in the ordinary exercise of reasonable care, should have been noticed by the Starr's Wheel Aligning personnel when the complete brake job was performed. If the brake hose had shown signs of wear at the time of the repair job, Starr was negligent in not repairing or replacing the hose. If the hose was not gouged or worn at that time, then the inference could reasonably be drawn by the jury the brake hose was improperly replaced by Starr when it did the brake job. Thus on either inference, Starr's causal negligence could be reasonably sustained.

It is argued by the appellants such inferences cannot be drawn because the testimony of the expert must be disregarded since the changing of the answers by the

trial court was the equivalent of sustaining their objection to the qualifications of Helm as an expert. We do not agree. The trial court changed the answers on the grounds of speculation and conjecture and because the expert was unable to give an opinion of how long the wearing had taken place on the brake hose. This, in effect, held the testimony had no probative value. The trial court, however, did not disqualify Helm as an expert witness. The question of the sufficiency and weight of his testimony was for the trier of the facts to determine once it is determined the testimony has some probative value, which we think it has. *Morrill v. Komasinski* (1950), 256 Wis. 417, 41 N. W. 620.

This court has held the opinions of experts to have some probative value even though such opinions are not based upon technical or academic knowledge but upon expertise gained from experience. In *Palmer v. Schultz* (1909), 138 Wis. 455, 120 N. W. 348, an assistant coroner, who was not a physician, was allowed to give his opinion as to the length of time a person was dead when he saw him. In *Karlen v. Hadinger* (1911), 147 Wis. 78, 132 N. W. 591, a dairy farmer was allowed to give an opinion respecting the effect of fodder upon the quality of milk, but see *Peterson v. Greenway* (1964), 25 Wis. (2d) 493, 131 N. W. (2d) 343. A mink rancher was allowed to testify as an expert witness and to give an opinion to the effect the death of the kits was caused by the dipping of the nesting boxes in the Penta-Mix solution, *Smith v. Atco Co.* (1959), 6 Wis. (2d) 371, 94 N. W. (2d) 697, 74 A. L. R. (2d) 1095. A director of public works who had twenty years' experience in observing the characteristics of the carpet coating asphalt over brick streets was allowed to testify it was physically possible for the asphalt topping to break away from the bricks in the street within a period of two days' time, *Becker v. La Crosse* (1961), 13 Wis. (2d) 542, 109 N. W. (2d) 102. Fifteen-years' experience as a machinist was

sufficient to allow a machinist to testify as to the proper construction and placing of shifting levers on machinery used in a tannery even though he never worked in a tannery, *Korn v. Pfister & Vogel Leather Co.* (1911), 147 Wis. 526, 133 N. W. 586.

Since either theory of Starr's negligence is sufficient to sustain the verdict and considering the evidence most favorable to the verdict, which we do on appeal when the verdict is under attack, it is immaterial that this court or the trial court cannot tell which theory the jury accepted. True, there is no direct evidence of Starr's negligence but that is not required to sustain the verdict. It is not speculation or conjecture for the jury to choose one of two theories of liability when either theory is sufficient to sustain their finding. Speculation and conjecture apply to a choice between liability and nonliability when there is no reasonable basis in the evidence upon which a choice of liability can be made.

Lastly, it is argued by Starr there is no credible evidence to sustain a finding that its negligence was a substantial factor causing the accident. This argument is based upon the testimony of Helm that there was a break in the right-front steel line which was connected to the rubber hose and a loss of brake pressure would occur if there was a break in this line. There is no evidence of the size of the break or when it occurred. There is testimony the brakes worked shortly before the accident and the brake failure was sudden and without warning. We do not think this evidence was sufficient to show the brake failure could have resulted from the nonactionable cause independent of the actionable cause. We think the evidence tended to establish circumstances from which the jury was warranted in inferring on a clear preponderance of the evidence that the cause of the brake failure was the brake hose and not the steel line. Consequently, we think the trial court was in error in changing the jury's answers because they were supported by suffi-

cient credible evidence to carry the burden of proof on that issue.

*By the Court.*—Judgment is reversed, with instructions to reinstate the verdict.