Robertson, Ch. J.
The fact of the receipt of the money sued for, by the defendant in a fiduciary capacity* clearly appears by the affidavits, but the defendant sets up that the same was received for tickets sold in this city in a lottery to be drawn in Washington. A statute of this state (1 R. S. 666, § 36) provides that every.“person within this state who shall * sell * to any person, any ticket or part or share of a ticket, or any * instrument purporting to be a * share of a ticket of any such lottery * not expressly authorized by law,” shall be guilty of a misdemeanor. This is held to extend to. foreign lotteries, (People v. Sturdevant, 23 Wend. 418; Charles v. People, 1 N. Y. Rep. 180,) and to the delivery of prizes not pecuniary, (Governors of Almshouse v. Am. Art Union, 7 N. Y. Rep. 228.) The defendant’s employment was therefore illegal, and no action can arise out of it. DeGroot v. Van Buzer, 20 Wend. 390.) It is true that the affidavits on the part of the plaintiffs show that the lottery authorized by law in the District of Columbia was for a *81 noble purpose, connected with, a public entertainment, sanctioned by private persons and public officers of the highest position and respectability, favored by officials, and exempt from taxation, but they do not show that prizes were not distributed by chance; on the contrary they admit it in fact. Although the plaintiff* denies that it was a lottery, he is evidently mistaken, as the distribution of prizes by chance establishes the contrary.
As this is new matter set up by way of avoidance, it is incumbent on the plaintiff to make out a case to be submitted to a jury on the point, which he has not done. The sum of $250 advanced by the managing committee of the entertainment, appears to have been advanced also to forward the sale of tickets by the defendant, and must share the fate of their proceeds.
The order of arrest must be vacated, with $7 costs.