# CHARLESTON.

INTERSTATE DRY GOODS STORES *v.* PHILLIP WILLIAMSON

Submitted May 2, 1922.    Decided May 9, 1922.

JUDGMENT—*In Action for Value of Property Stolen, Record of Defendant's Conviction of its Larceny Not Competent Evidence.*

In a civil suit to recover the value of property stolen from the plaintiff therein, the record of the conviction of the defendant in such suit of the larcency of such property is not competent evidence to prove his liability to the plaintiff for the value thereof.

Error to Circuit Court, McDowell County.

Suit by the Interstate Dry Goods Stores against Philip Williamson.    Directed verdict and judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Strother, Sale, Curd & Tucker,* for plaintiff in error.

*Litz & Harman* and *George W. Howard,* for defendant in error.

RITZ, JUDGE:

Plaintiff brought this suit for the purpose of recovering the value of certain goods which it averred was stolen by the defendant from its store in the city of Welch.   A trial of the case in the circuit court resulted in a directed verdict in favor of the defendant and judgment thereon, which the plaintiff seeks to reverse by this writ of error.

In the month of May, 1921, plaintiff's store was  broken into, and there was stolen therefrom merchandise of the value of more than $3000.00.   At the July term of the Criminal Court of McDowell county an indictment was found against the defendant in this suit and three others, charging them with burglary.   At the same term of the court the defendants in that indictment elected to be tried separately, and the State elected to proceed to trial against the defendant in this suit, Phil Williamson.   A trial was had which resulted in a verdict of guilty.   Upon motion made to set aside this verdict an affidavit of the principal witness relied upon by the State for conviction was offered to the effect that he testified falsely upon the trial.   According to his testimony upon the trial he was an accomplice of the defendant in the commission of the offense.   Before passing upon the motion he was brought into court and cross-examined, and also made another affidavit in which he stated that he told the truth upon the trial of the case, and that the affidavit which he made was false.   The Judge of the Criminal Court refused to set aside the verdict on this ground, and rendered judgment thereon sentencing Williamson to be confined in the penitentiary.   Williamson obtained from the Circuit Court of McDowell County a writ of error to this judgment, and the case was pending in that court undetermined upon said writ of error at the time of the trial of this case.

Immediately after the jury returned its verdict of guilty in the criminal case, but before the motion to set aside the

same was passed upon, this suit was instituted in the Circuit Court of McDowell county for the purpose of recovering from the defendant the value of the goods stolen from the storeroom.    The case did not come on for trial until the 5th of October, 1921, after the judgment of conviction had been entered as aforesaid, and after the writ of error had been granted by the Circuit Court of McDowell County. On the trial of this case the plaintiff offered in evidence the record of the conviction of the defendant in the  Criminal Court of McDowell County of burglary, proof that the defendant here was the same party as the defendant who was convicted, and that the offense with which he was convicted was the robbery of the plaintiff's store, and evidence of the value of the goods stolen from the store on that occasion.    No evidence was offered showing, or tending to show that the defendant committed the burglary except the judgment of conviction aforesaid.    Upon this showing the Circuit Court directed the jury to return a verdict for the defendant.

The sole question presented for our determination is, can the record of a judgment rendered in a criminal trial  be used as evidence in a civil suit to prove the facts which were necessarily determined by it in the criminal case?    The plaintiff argues that unless this judgment can be used for that purpose it cannot secure evidence to prove its cause of action, for the reason that the witness upon whose testimony the conviction was had in the criminal case has placed himself in such a position by the contradictory affidavits subsequently made as to render him entirely unworthy of belief; and further, it is stipulated in the record that since the trial of this case in the Circuit Court that court has reversed the judgment of conviction against the defendant and remanded the case to the Criminal Court of McDowell County where the indictment was nolled by the prosecuting attorney, so that even if we should hold that the judgment in the criminal case was proper evidence to prove that the defendant committed the larceny of plaintiff's goods at the time of the trial of this case, and should have been so treated, and reverse the case and remand it for a new trial, plain-

tiff would not be benefited because the judgment does not now exist, and could not be offered by him upon a retrial, so that the only way in which he can be benefited is for this court to hold that the case was in effect submitted to the court in lieu of a jury upon the undisputed facts, reverse the findings of the lower court thereon, find here in favor of the plaintiff, and render judgment upon that finding.

Can the judgment in the criminal case be used as evidence in the civil suit to prove that the defendant stole the goods, to recover the value of which this suit is brought? If this judgment had been rendered upon a plea of guilty, the record of that plea could be introduced, not as conclusive evidence against the defendant, but as an admission upon his part. It would not differ from an extra-judicial admission of liability made by him, except that more importance might be attached to it because of the solemnity attaching to the surroundings under which it was made, and the deliberation attending the entering of such a plea. But in this case the defendant did not plead guilty. He plead, not guilty, and insisted that he was not guilty during the progress of the trial. It is uniformly held that a judgment of conviction or acquittal in a criminal case is not proper evidence in a civil case to establish the facts which were necessary to be established in order to secure such conviction or acquittal. The parties to the criminal prosecution are different. The rules of evidence are different in the two classes of cases, and the purposes and objects sought to be accomplished are essentially different. In a criminal case the defendant cannot be made to testify, and no inference can be drawn from the fact that he does not testify, while in a civil suit his adversary may use him as a witness if he desires. He may, however, in the criminal case testify in his own behalf, and to allow the record of that judgment to be used as evidence in the civil suit would be giving effect to the defendant's testimony given upon the criminal trial. In a criminal case the guilt of the accused must be proven beyond a reasonable doubt, while this is not the rule in civil trials. The criminal proceeding is between the State and the accused party, and seeks vindication of a

public right, while in the civil suit the purpose sought is vindication of purely private rights and interests. For all of these reasons, as well as others which might be enumerated, the authorities uniformly hold that the judgment in a criminal case is not proper evidence in a civil suit to prove the facts on which it is based.     Freeman on Judgments, § 319; Black on Judgments, § 529; 15 R. C. L., title "Judgments" §§ 476, 477; *Micks* v. *Mason*, 145 Mich. 212, 108 N. W. 707, 11 L. R. A. (N. S.) 653 and note.     Of course, in a civil suit, where it becomes material to prove the existence of such judgment in the criminal case, the record of it is ordinarily conclusive evidence of the fact.     In a suit for malicious prosecution the plaintiff, in order to recover, is under the necessity of proving that the criminal prosecution, the basis of the civil suit, has been terminated favorably to him, and for the purpose of proving this fact the record of the judgment in the criminal case is, of course, conclusive.     So in suits to recover penalties, where the same are conditioned upon the conviction of the defendant, the record of his conviction of the offense out of which the penalty grows is conclusive of that question.     There are other instances, as will appear from the authorities above cited, in which the judgment in the criminal case is competent evidence in a civil suit, but this is limited to those instances in which it is necessary to prove the existence of such judgment as a basis for the recovery. It is not admissible as proof of the facts upon which it is based.

There being no other evidence offered in this case connecting the defendant with the robbery, it follows that the court did not err in rendering the judgment complained of, and the same is affirmed.

*Affirmed.*