CLAUDE L. BROWN v. ROSA HOOKER BROWN.

(Filed 13 April, 1938.)

1. **Actions § 4—**

A party may not maintain an action founded upon or growing out of his own wrongful or unlawful act.

2. **Statutes § 5a—**

While all questions of public policy are for the determination of the Legislature, a statute will not be construed to alter established principles of public policy founded on good morals, unless such intent is clearly and unequivocally expressed in the statute.

3. **Divorce § 2a—Husband unlawfully abandoning wife is not entitled to divorce on ground of two years separation under ch. 100, Public Laws 1937.**

Plaintiff instituted this action for divorce on the ground of two years separation under the provisions of ch. 100, Public Laws of 1937, which reënacted, with certain changes, C. S., 1659-A. The jury found from the evidence that the separation was caused by the unlawful act of plaintiff in abandoning his wife. *Held:* Plaintiff is not entitled to decree of divorce, *Reynolds v. Reynolds,* 208 N. C., 428, interpreting the provisions of the acts of 1933 and 1931, which were reënacted by ch. 100, Public Laws of 1937, being controlling.

BROWN *v.* BROWN.

**4. Statutes § 11—**

> When a statute is repealed by a later statute which reënacts all or some of its provisions, the portions of the original statute which are reënacted continue in force without interruption.

**5. Statutes § 5a—**

> Where a statute is repealed by a later act which reënacts all or some of its provisions, it will be presumed that the provisions reënacted were written with regard to the decisions interpreting the same language in the former act, and such decisions control in interpreting the same language in the later act.

APPEAL by plaintiff from *Grady, J.,* at February Term, 1938, of LENOIR. No error.

This is an action for divorce under provisions of ch. 100, P. L. 1937, in which the plaintiff makes the necessary allegations, including the allegation of two years' separation.

The defendant, answering, admitted that the plaintiff had been a resident of the State of North Carolina for a period of one year, and that the plaintiff and defendant had lived separate and apart for a period of two years. By way of further answer and plea in bar the defendant further alleged that the plaintiff wrongfully and unlawfully abandoned the defendant and his two children and wrongfully, unlawfully and willfully thereafter refused to render any support to them. At the hearing the evidence tended to show that the plaintiff had been indicted and convicted of the crime of abandonment and nonsupport of his wife and his children begotten of her during coverture. The evidence likewise tended to show that the defendant had instituted an action against the plaintiff for subsistence, and upon due hearing an order had been entered requiring the plaintiff to make contribution to the support of his wife and children; that thereafter, upon citation, it was found by the court that the plaintiff had wrongfully and unlawfully abandoned his wife and children; that he had contumaciously failed to make the payments required and had been adjudged in contempt and sentenced to prison.

Issues were submitted to and answered by the jury as follows:

"1. Were the plaintiff and defendant married as alleged in the complaint? A. 'Yes.'

"2. Has the plaintiff resided in the State of North Carolina for one year? A. 'Yes.'

"3. Has there been a separation of husband and wife, and have they lived separate and apart for more than two years? A. 'Yes.'

"4. Has the said separation of husband and wife been due to the criminal and unlawful acts of the husband, as alleged in the answer? A. 'Yes.'"

*Joe Dawson for plaintiff, appellant.*
*J. B. James for defendant, appellee.*

BARNHILL, J.  Courts are governmental agencies created for the administration of justice.  From time immemorial it has been a recognized fundamental policy that their doors are not to be opened to enable one to procure an advantage growing out of or bottomed upon his own wrongful or unlawful act.  As said by *Stacy, C. J.,* in *Reynolds v. Reynolds,* 208 N. C., 428 : " 'It is very generally held—universally, so far as we are aware—that an action never lies when a plaintiff must base his claim, in whole or in part, on a violation by himself of the criminal or penal laws of the State.'  *Hoke, J.,* in *Lloyd v. R. R.,* 151 N. C., 536, 66 S. E., 604.  In Waite's Actions and Defenses, Vol. 1, p. 43, the principle is broadly stated, as follows : 'No principle of law is better settled than that which declares that an action cannot be maintained upon any ground or cause which the law declares to be illegal,' citing *Davidson v. Lanier,* 4 Wallace, 447 ; *Rolfe v. Delmar,* 7 Rob., 80; *Stewart v. Lothrop,* 12 Gray, 52 ; *Howard v. Harris,* 8 Allen, 297 ; *Pearce v. Brooks,* L. R. 1 Exch., 213 ; *Smith v. White,* L. R. 1 Eq. Cases, 626.

"To say that civil rights, enforceable through the courts, may inure to one out of his own violation of the criminal law, and against the very person injured, would be to blow hot and cold in the same breath, or, Janus-like, to look in both directions at the same time.  The law is not interested in such double dealing or sleight-of-hand performances; it sets its face like flint in the opposite direction."

While it is a well-settled rule that all questions of public policy are for the determination of the Legislature and not for the courts, it will not be assumed that any statute enacted by the Legislature was intended to override or depart from principles of public policy founded on good morals unless the language of the statute clearly and unequivocally indicates such an intent.  The courts will not impute to the Legislature an intent that would be in direct conflict with the very purposes for which the courts are created or would be violative of sound public policy or would lead to manifest injustice in the absence of a direct declaration to that effect in language clear and unmistakable.  On the contrary, whenever permissible, the courts will assume that the Legislature intended its acts to be consonant with, and not violative of, existing public policy and good morals.

Plaintiff's action is instituted under C. S., 1659-A as reënacted by ch. 100, P. L. 1937.  The statute was originally enacted in 1931, ch. 72, P. L. 1931, and read as follows : "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband

and wife, either under deed of separation or otherwise, and they· have lived separate and apart for five years, and no children have been born to the marriage, and the plaintiff in the suit for divorce has resided in the State for that period." The Legislature of 1933 amended the act by striking out the clause "and no children have been born to the marriage," and by reducing the required period of separation to two years and the period of residence to one year. Ch. 163, P. L. 1933.

The Legislature of 1937 further amended the statute and reënacted the same, omitting the clause "either under deed of separation or otherwise." Thus it appears that the cause of divorce as defined in ch. 100, P. L., 1937, is identical with the statute as originally enacted, except that the time of separation has been reduced from five to two years, the period of residence from five years to one year, and the clauses "and no children have been born to the marriage" and "either under deed of separation or otherwise" are now omitted.

This being the history of the statute, is·the unlawful abandonment of the defendant and her children by the plaintiff a valid plea in bar under the decision of this Court in *Reynolds v. Reynolds, supra?* Under universally accepted rules of construction this question must be answered in the affirmative. The prevailing view is that where a statute is repealed and all or some of its provisions are at the same time reënacted the reënactment neutralizes the repeal and the provisions of the repealed act, which are those reënacted, continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced. 25 R. C. L., 934. The rule of construction applicable to acts which revise and consolidate other acts is that when the revised and consolidated act reënacts, in the same or substantially the same terms, the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a continuation of the former act or acts, although the former act or acts may be specially repealed by the revised and consolidated act, and all rights and liabilities under the former act or acts are preserved and may be enforced. 25 R. C. L., 935.

Likewise, where the terms used in a statute have acquired a settled meaning through judicial interpretation, and the same terms are used in a subsequent statute upon the same subject matter, they are to be understood in the same sense unless by qualifying or explanatory addition the contrary intent of the Legislature is made clear. Such a construction becomes a part of the law, as it is presumed that the Legislature in passing the later law knew what the judicial construction was which had been given to the words of the prior reënactment. 25 R. C. L., 992.

The language of that portion of the statute which was the subject of consideration in *Reynolds v. Reynolds, supra,* is identically the same as

used in the 1933 and the 1931 acts. And so it follows that the interpretation by this Court of that portion of the statute which was reënacted remains authoritative. The 1937 reënactment of the statute squarely met the decision of this Court in *Hyder v. Hyder,* 210 N. C., 486, by · striking out the clause of the statute on which the decision was based, but made no attempt to override or negative the decision in *Reynolds v. Reynolds, supra.* That portion of the statute which has been construed by this Court having been reënacted in identical terms, it is conclusively presumed that the Legislature intended such statute to have the meaning, force, and effect theretofore given to it by judicial construction.

The unlawful and wrongful conduct of the plaintiff constitutes a complete bar to his cause of action.

In the judgment below there is

No error.