JOHN L. BRIGGS v. JULIA INEZ BRIGGS.

(Filed 1 February, 1939.)

**1. Divorce § 11—**

In the husband's suit for divorce on the ground of two years separation, the wife, setting up a valid defense, is entitled to be heard thereon, and an allowance of counsel fees and funds for her support pending the litigation to enable her to present her defense, is proper upon supporting findings, the fact that she seeks no affirmative relief in her answer being immaterial.

**2. Same—**

A judgment in a criminal action for abandonment is not *res judicata* as to the wife's right to counsel fees and support pending litigation of a suit for divorce thereafter instituted by the husband, the defendant in the criminal action.

**3. Abatement and Revival § 16—**

When defendant dies pending plaintiff's appeal from an order allowing defendant counsel fees and support pending litigation of plaintiff's suit for divorce, defendant's administrator will be made a party upon motion aptly made in the Supreme Court, and upon affirmance of the order, plaintiff will be required to pay the allowance for counsel fees and such installments of alimony allowed as were due at the time of defendant's death.

APPEAL by plaintiff from *Williams, J.,* at March Term, 1938, of DURHAM. Modified and affirmed.

Action for divorce instituted by the plaintiff against the defendant, his wife, on the grounds of abandonment and two years separation.

The defendant, answering, admitted that the plaintiff and defendant had lived separate and apart for more than two years, denied that she had abandoned the plaintiff, and alleged by way of further defense: That plaintiff abandoned defendant, and that plaintiff's own wrongful conduct brought about and caused the separation between plaintiff and defendant. She further alleges that in 1932 the plaintiff was arrested under a warrant charging him with the abandonment and non-support of the defendant and her child and that at the trial he entered a plea of *nolo contendere* and was required to make contributions to her support; that thereafter for a period of about two years he made the payments as required; that after the expiration of two years he made intermittent contributions; that another warrant was issued in 1938; that on the hearing upon this warrant the plaintiff made the contention that he had made no contribution to the support of his wife for a period of more than two years and that, therefore, the criminal action was barred by the statute of limitations. She likewise alleges that she is in ill health, has no property and is without adequate means to employ counsel or for her own support during the pendency of the action.

The plaintiff, replying, alleges that the defendant abandoned him; pleads and sets out the warrant and judgment of 1932 and the warrant and judgment of 1938.

Motion by the defendant for support *pendente lite* and counsel fees, after due notice to the plaintiff, came on to be heard before the court below. Upon said hearing the Judge found the facts fully, substantially as alleged by defendant, and entered an order requiring the plaintiff to make certain payments set out in the order for the support of the defendant pending the litigation and for counsel fees. The plaintiff excepted and appealed.

*Brawley & Gantt for plaintiff, appellant.*
*Victor S. Bryant and John D. McConnell for defendant, appellee.*

BARNHILL, J. The plaintiff's contention that defendant is not entitled to support and counsel fees pending the litigation for the reason that she seeks no affirmative relief in her answer cannot be sustained. *Medlin v. Medlin,* 175 N. C., 529, 95 S. E., 857; *Holloway v. Holloway,* 214 N. C., 662. The plaintiff by his suit seeks to deprive the defendant of her legal right to support from him. He must furnish her with the necessary funds with which to defend the action and to support herself pending the litigation.

The plaintiff's contention that the judgment in the criminal action charging the plaintiff with abandonment of the defendant instituted in February, 1938, bars the defendant's rights herein is equally untenable. The judgment in a criminal action is not *res judicata* as to the rights of the defendant to support pending this litigation and to counsel fees.

The plea in bar interposed by the defendant that the separation between the plaintiff and the defendant was brought about and caused by the unlawful and wrongful conduct of the plaintiff is a valid defense, and if established, is sufficient to defeat the plaintiff's cause of action. *Brown v. Brown,* 213 N. C., 347, and cases there cited. The defendant is entitled to be heard thereon, and pending the hearing, upon the facts found by the court, the plaintiff was properly required to furnish defendant with counsel fees and support pending the litigation.

Upon the hearing here the death of the defendant was suggested to the court and motion was made that the administrator of the defendant's estate be made a party defendant. This motion is allowed. The defendant's administrator is entitled to recover only such payments as had matured and were due at the time of the death of the defendant. The plaintiff must be required to pay the allowance for counsel fees and such installments of alimony allowed the defendant as were due at the time of her death. Judgment will be entered accordingly.

Modified and affirmed.