## EASOM JOHNSON v. NANCY CATHERINE JOHNSON.

(Filed 18 March, 1953.)

**1. Divorce and Alimony § 2a—**

In the husband's action for absolute divorce on the ground of separation, it is not required that he establish as a constituent element of his cause of action that he is the injured party, but the wife may establish as an affirmative defense that the separation of the parties was occasioned by the act of the husband in willfully abandoning her. G.S. 50-6.

**2. Divorce and Alimony § 12—**

In the husband's suit for absolute divorce on the ground of separation, G.S. 50-6, the wife, upon a proper showing, is entitled, under G.S. 50-15, to support during the pendency of the action and counsel fees for her attor-

neys if she sets up a cross action for divorce from bed and board on the ground of abandonment, G.S. 50-7 (1), or merely sets up abandonment as an affirmative defense to his cause of action, or even if she merely denies the validity of the cause of action stated in his complaint.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at January Term, 1953, of JOHNSTON.

Action by husband for absolute divorce heard on motion of wife for alimony pending the action and counsel fees.

The plaintiff Easom Johnson and the defendant Nancy Catherine Johnson are husband and wife. They are living in a state of separation in Johnston County.

The plaintiff sues the defendant for an absolute divorce upon the ground of two years' separation under G.S. 50-6.

The defendant denies that the parties have lived separate and apart for two full years. She also alleges in minute detail in her "further defense and cross action" that the plaintiff willfully abandoned her; that the plaintiff thereby caused the separation of the parties; and that she is the injured party. She prays that plaintiff be denied the relief sought by him; that she be granted a divorce from bed and board; and that she be awarded permanent alimony under G.S. 50-14.

The defendant applied to Judge Burgwyn during the January Term, 1953, of the Superior Court of Johnston County by a motion in the cause for an allowance of alimony pending the action and counsel fees. After hearing affidavits offered by defendant in support of her motion and counter affidavits presented by plaintiff, Judge Burgwyn made extensive findings of fact to the effect that the plaintiff willfully abandoned the defendant without furnishing her an adequate support; that the defendant did nothing to provoke such misconduct on the part of the plaintiff; that the defendant does not have sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary expenses of the litigation; and that the plaintiff has the ability to pay the temporary alimony and counsel fees allowed by the court. Judge Burgwyn thereupon ordered the plaintiff to pay certain sums into the office of the clerk as alimony for the defendant pending the action and as fees for the attorneys retained to aid her. The plaintiff excepted and appealed, assigning the entry of the order as error.

*E. R. Temple, Jr., and J. R. Barefoot for plaintiff, appellant.*
*Lyon & Lyon for defendant, appellee.*

ERVIN, J. These propositions are well settled:

1. When the husband sues the wife for an absolute divorce, the wife may plead a cause of action for divorce from bed and board as a cross

action, and obtain upon a proper showing allowances from the estate or earnings of her husband for her support during the pendency of the action and for counsel fees for her attorneys. G.S. 50-15; *Nall v. Nall,* 229 N.C. 598, 50 S.E. 2d 737; *Covington v. Covington,* 215 N.C. 569, 2 S.E. 2d 558; *Barker v. Barker,* 136 N.C. 316, 48 S.E. 733; *Webber v. Webber,* 79 N.C. 572.

2. Since the decision to the contrary in *Reeves v. Reeves,* 82 N.C. 348, is expressly abrogated in *Medlin v. Medlin,* 175 N.C. 529, 95 S.E. 857, the wife may be allowed alimony pending the action and counsel fees in a suit against her for divorce, even though she seeks no affirmative relief and merely endeavors to defeat her husband's case. It follows, therefore, that in an action by the husband for an absolute divorce, the wife may deny the validity of the cause of action alleged by the husband, or plead an affirmative defense to it, and obtain upon a proper showing in either event allowances from the estate or earnings of the husband for her support during the pendency of the action and for counsel fees for her attorneys. *Briggs v. Briggs,* 215 N.C. 78, 1 S.E. 2d 118; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436.

3. Where the husband sues the wife for an absolute divorce upon the ground of two years' separation under G.S. 50-6, he is not required to establish as a constituent element of his cause of action that he is the injured party. Nevertheless, the law will not permit him to take advantage of his own wrong. Consequently, the wife may defeat the husband's action for an absolute divorce under G.S. 50-6 by showing as an affirmative defense that the separation of the parties has been occasioned by the act of the husband in willfully abandoning her. *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492; *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Reynolds v. Reynolds,* 208 N.C. 428, 181 S.E. 338.

4. The Superior Court is empowered to "grant divorces from bed and board on application of the party injured, made as by law provided, . . . if either party abandons his or her family." G.S. 50-7 (1). See, in this connection: *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Blanchard v. Blanchard,* 226 N.C. 152, 36 S.E. 2d 919; *Horton v. Horton,* 186 N.C. 332, 119 S.E. 490; *Medlin v. Medlin, supra; Setzer v. Setzer,* 128 N.C. 170, 38 S.E. 731.

When the transcript of the record in the instant case is laid alongside these rules, it is clear that Judge Burgwyn had power to allow alimony pending the action and counsel fees to the wife on the facts shown by her and found by him notwithstanding she is the defendant in the action. This is true for each of these reasons: (1) Her answer denies the validity of the cause of action stated in the complaint; (2) her answer pleads an

13—237

affirmative defense to the cause of action alleged in the complaint; and (3) her answer pleads a cause of action for divorce from bed and board as a cross action.

The order allowing alimony pending the action and counsel fees is Affirmed.