DURHAM BANK & TRUST COMPANY AND BURWELL A. ALLEN, AD-
MINISTRATORS OF THE ESTATE OF CHARLES SNEAD ALLEN, DECEASED,
V. FORREST A. POLLARD.

(Filed 13 December, 1961.)

**1. Pleadings § 33—**

If motion to strike irrelevant and redundant matter from a pleading
is made before answer or demurrer and before the expiration of time
for answering or demurring, the motion is made as a matter of right.
G.S. 1-153.

**2. Pleadings § 34—**

Allegations are irrelevant if evidence to prove the facts therein alleged
is incompetent, and allegations are redundant if the facts therein alleged
are alleged with excessive fullness or are merely repetitious of the same
facts theretofore alleged in the pleading, and the denial of a motion to
strike will be reversed if the matter sought to be stricken is irrelevant
or redundant, and its retention in the pleading would cause harm or in-
justice to movant.

**3. Evidence § 19—**

Ordinarily, evidence of a conviction or an acquittal in a criminal
prosecution is not admissible in evidence in a purely civil action to es-
tablish the truth of the facts on which the verdict of guilty or an ac-
quittal was entered.

**4. Same; Death § 5—**

In an action to recover for wrongful death, evidence that defendant
had theretofore been convicted in a criminal action for the slaying of
plaintiff's intestate is incompetent, and therefore allegations in the
complaint as to such conviction are irrelevant and should be stricken
on motion aptly made.

*Certiorari* to review an order of *Williams, J.,* denying defendant's
motion, made in apt time before the time for answering or otherwise
pleading had expired or extension of time to plead or answer had been
granted, to strike certain portions of plaintiffs' complaint. Judge Wil-
liams heard the motion at 10 April 1961 Civil Term of Durham, and
entered his order on 4 May 1961, allowing defendant's motion in part
and denying it in part. Defendant excepted to that part of the order
denying his motion in part, and filed a petition with us for a writ of
*certiorari,* pursuant to Rule 4(a), (2), Rules of Practice in the Su-
preme Court. 254 N.C. 783, 785. We allowed the petition on 16 June
1961.

*Brooks and Brooks By: E. C. Brooks, Jr., for plaintiffs, appellees.*
*McLendon, Brim, Holderness & Brooks By: L. P. McLendon, Jr.,*
*By: J. V. Hunter, III, for defendant, appellant.*

PARKER, J.   This is an action to recover damages for the death of
plaintiffs' intestate, Charles Snead Allen, allegedly caused by the
wrongful act of the defendant, Forrest A. Pollard, in slaying him on
24 April 1960.

Defendant in apt time filed a written motion to strike from the
complaint paragraphs 3, 4, 7, 8, 10, 11, 12, 13, 15, 18, 19, 20 and 23,
and parts of paragraphs 14 and 22. Judge Williams in his order allowed
the motion to strike as to paragraphs 3, 4, 7, 13 and 15, and as to
parts of paragraphs 14 and 22. He denied the motion to strike as to
pragraphs 8, 10, 11, 12, 18, 19, 20 and 23. We allowed, as stated above,
defendant's petition for a writ of *certiorari* to review Judge Williams's
order denying defendant's motion to strike from the complaint the
paragraphs specified above.

Defendant has two assignments of error: One, Judge Williams's
denial of his motion to strike paragraphs 8 and 18 of the complaint.
Two, his denial of his motion to strike paragraph 19 of the complaint.

This is stated in defendant's brief: "The defendant also excepted to
the failure of the Trial Court to strike Paragraphs 10, 11, 12, 20 and
23, but defendant now desires to abandon those exceptions."

Paragraph 8 of the complaint reads:

> "Plaintiffs are informed and believe and therefore allege that
> on Monday, September 12, 1960, trial of the said Forrest A. Pol-
> lard was commenced in the Durham County Superior Court,
> Criminal Division, and said trial continued to September 17, 1960,
> at which time the jury, after deliberation, returned a verdict
> which convicted the defendant of manslaughter. That the said
> Forrest A. Pollard, pursuant to an Order of the Court, was im-
> prisoned in the State's Prison at Raleigh, N. C., for a term of
> twenty years and no appeal to the Supreme Court of North Caro-
> lina, from the above sentence, was ever perfected."

Paragraph 18 of the complaint reads:

> "Plaintiffs are informed and believe, and therefore allege, that
> on the night of April 23, 1960, the said defendant Forrest A. Pol-
> lard went to the home of Charles Snead Allen; that shortly there-
> after he left the home and went to his automobile to obtain his
> shotgun; that the said Charles Snead Allen was in the front yard
> of his own home when the said Forrest A. Pollard, with force and

arms, did feloniously and willfully kill and slay the said Charles Snead Allen. That, as hereinbefore alleged, the said Forrest A. Pollard was later indicted by a Grand Jury of Durham County, was tried and convicted by a jury impaneled in Durham County, of feloniously and willfully killing and slaying the said Charles Snead Allen, in violation of the laws of the State of North Carolina."

G.S. 1-153 reads: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted." As defendant made his motion in apt time, he can claim the benefits of the statute as a matter of right, rather than of grace. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308.

This is said in *Daniel v. Gardner, supra:* "1. Allegations which set forth matters foreign and immaterial to the controversy are considered irrelevant; whereas, excessive fullness of detail or the repetition of facts are treated as being redundant. (Citing authority). 2. On motion to strike, the test of relevancy is the right of the pleader to present in evidence upon the trial the facts to which the allegations relate. (Citing authority). 3. Nothing should remain in a pleading over objection which is incompetent to be shown in evidence. (Citing authority). 4. The function of a pleading is not the narration of the evidence, but rather the statement of the substantive, ultimate facts upon which the right to relief is founded."

"The denying or overruling of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party." *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.

The general and traditional rule supported by a great majority of the jurisdictions is that, in the absence of a statutory provision to the contrary, evidence of a conviction and of a judgment therein, or of an acquittal, rendered in a criminal prosecution, is not admissible in evidence in a purely civil action to establish the truth of the facts on which the verdict of guilty or of acquittal was rendered, or when there is a verdict of acquittal to constitute a bar to a subsequent civil action based on the same facts. While the same facts may be involved in two cases, one civil and the other criminal, the parties are necessarily different, for, whereas one action is prosecuted by an in-

dividual, the other is maintained by the state. *Warren v. Ins. Co.*, 215 N.C. 402, 2 S.E. 2d 17; *Smith v. New Dixie Lines*, 201 Va. 466, 111 S.E. 2d 434; *Crawford v. Sumerau*, 100 Ga. App. 499, 111 S.E. 2d 746; *Interstate Dry Goods Stores v. Williamson*, 91 W. Va. 156, 112 S.E. 301, 31 A.L.R. 258; *S. v. Fitzgerald*, 140 Me. 314, 37 A. 2d 799; *Neibling v. Terry*, 352 Mo. 396, 177 S.W. 2d 502, 152 A.L.R. 249; *Nowak v. Orange*, 349 Pa. 217, 36 A. 2d 781; *Auslander v. Penn. R. Co.*, 350 Pa. 473, 39 A. 2d 595; *Krowka v. Colt Patent Fire Arm Mfg. Co.*, 125 Conn. 705, 8 A. 2d 5; *Seidman v. Seidman*, 53 R.I. 96, 164 A. 194; *Silva v. Silva*, 297 Mass. 217, 7 N.E. 2d 601; *Montgomery v. Crum*, 199 Ind. 660, 161 N.E. 251; *Cottingham v. Weeks*, 54 Ga. 275; Annotations, 31 A.L.R. 262, 57 A.L.R. 504, 80 A.L.R. 1145, 130 A.L.R. 690, 18 A.L.R. 2d 1290 and 1299, where many cases from many jurisdictions are cited; 4 Am. Jur., Assault and Battery, § 156; 20 Am. Jur., Evidence, § 1011; 50 C.J.S., Judgments, § 754, b, (1), p. 269.

In this connection it is apposite to cite our following decisions: *Watters v. Parrish*, 252 N.C. 787, 115 S.E. 2d 1; *Swinson v. Nance*, 219 N.C. 772, 15 S.E. 2d 284; *Briggs v. Briggs*, 215 N.C. 78, 1 S.E. 2d 118. In the *Watters* case we held that the testimony on cross-examination of one defendant by another defendant that the questioned defendant had been convicted of driving while under the influence of intoxicating liquor as a result of the collision of automobiles on which the civil action for damages for personal injuries, in which he was testifying, was based was incompetent for the purpose of impeaching him as a witness. In the *Briggs* case we held: A judgment in a criminal action for abandonment is not *res judicata* as to the wife's right to counsel fees and support pending litigation of a suit for divorce thereafter instituted by the husband, the defendant in the criminal action.

There are exceptions to, and limitations of this general and traditional rule, which are not applicable here, for instance in an action for malicious prosecution or false arrest. 50 C.J.S., Judgments, § 754, b, (2), p. 273; 20 Am. Jur., Evidence, § 1012.

There is a minority rule which approves of the admission in civil actions of a previous criminal conviction as evidence of the facts upon which it was based. Annotations 31 A.L.R. 275, 57 A.L.R. 505, 80 A.L.R. 1147, 130 A.L.R. 695, 18 A.L.R. 2d 1299, where such cases are given. However, many, if not most, of the leading cases approving of such admission seem to have involved the situation where the convicted criminal seeks to take advantage of rights arising from the crime for which he has been convicted. *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490; Anno.

18 A.L.R. 2d 1300 *et seq.*, where many cases to this effect are analyzed and cited.

The Supreme Court of Appeals of Virginia in *Smith v. New Dixie Lines, supra,* had this to say of its former decision in the *Heller* case:

> "The general rule, however, was not followed under the facts presented in *Eagle, Star & British Dominions Ins. Co. v. Heller,* 149 Va. 82, 106, 140 S.E. 314, 321, 57 A.L.R. 490. In that case Heller recovered a judgment under a fire insurance policy covering the very property he had been convicted of burning. The defendant company assigned as error the rejection by the trial court of its pleas of *res judicata* and *estoppel* and the exclusion of evidence of the plaintiff's conviction of arson. This court, in reversing and entering judgment for the defendant, held that the general rule that records in a criminal case are not admissible in evidence in civil suits involving substantially the same issues is subject to an exception where a plaintiff seeks to recover in an action on an insurance policy covering property which he has wilfully burned with intent to defraud the insurer. This court applied a logical exception to the general rule in that case, but there is no sound reason for applying an exception to the rule under the facts of this case."

The instant case is not one where a convicted criminal seeks to take advantage of rights arising from the crime for which he was convicted, as in the Virginia *Heller* case, and it is to be distinctly understood that nothing that we have said in this decision is applicable to such a situation, if and when such a situation should confront us for decision.

Our case of *Bank v. McCaskill,* 174 N.C. 362, 93 S.E. 905, relied on by plaintiffs, concerns the admissibility in evidence of a judgment *in rem* rendered in a federal court in an action brought in the state court by a different creditor attacking the deed upon the same ground. This Court held it was admissible in evidence, but not conclusive. That case is clearly distinguishable from, and not applicable to the facts in the instant case.

Plaintiffs call to our attention 1961 Session Laws, Chapter 210, and particularly Article 4, Sections 13 and 15 of the statute. This statute is entitled, "Acts Barring Property Rights," and states in Article 4, Section 15, "This Chapter . . . shall be construed broadly in order to effect the policy of this State that no person shall be allowed to profit by his own wrong." It is plain and clear that this statute is not applicable to the present case.

Applying the general and traditional rule, above set forth, that evidence of a conviction and of a judgment therein rendered in a crimi-

nal prosecution is not admissible in a purely civil action like the present case to establish the truth of the facts on which it was based, and as we have no statute to the contrary, the defendant has successfully carried the burden of clearly showing that the record affirmatively reveals that the allegations of paragraph 8 of the complaint, and the last sentence of paragraph 18 of the complaint are clearly irrelevant, in that plaintiffs cannot present in evidence upon the trial the facts there alleged, and that their retention in the complaint will cause him harm or injustice.

Defendant has also clearly shown that the record affirmatively reveals that the first sentence of paragraph 18 of the complaint and the allegations of paragraph 19 of the complaint are redundant, in that they are mere repetitions of paragraph 6 of the complaint, which defendant did not ask to be stricken, and that they should be stricken. Plaintiffs in their brief candidly admit that paragraph 19 of their complaint merely repeats the allegations of paragraph 6 of their complaint.

Judge Williams allowed plaintiffs thirty days in which to file an amended complaint to make it conform to his order. Their amended complaint was apparently filed on 11 May 1961, and is in the record. In their amended complaint they repeat the allegations of paragraphs 8, 18 and 19 of their original complaint. What we have said here in respect to those paragraphs is applicable to the same allegations repeated in their amended complaint.

The trial judge committed prejudicial error in not striking from the original complaint paragraphs 8, 18 and 19.

Reversed.