CARLSTON F. TAYLOR v. JUNE W. TAYLOR.

(Filed 9 May 1962.)

1. **Divorce and Alimony § 13—**

   The husband is not entitled to absolute divorce on the ground of two years separation if the separation was due to his wilful abandonment of his wife, but that the separation was due to abandonment is an affirmative defense which the wife must allege and prove by the greater weight of evidence. G.S. 50-6.

2. **Same; Evidence § 19—**

   Where, in the husband's action for divorce on the ground of two years separation, the wife pleads the husband's prior conviction of abandon-

TAYLOR *v.* TAYLOR.

ment relating to the same separation, the husband's admission of the fact of his conviction, without appeal, is a bar to his action for divorce.

HIGGINS, J., dissenting.

APPEAL by plaintiff from *Phillips, J.,* October 23, 1961 Term of FORSYTH.

Civil action, instituted by plaintiff under G.S. 50-6, for absolute divorce. As ground for divorce, plaintiff alleged he and defendant, his wife, separated June 18, 1958, and thereafter, continuously, lived separate and apart from each other. Answering, defendant admitted plaintiff's said allegation but alleged "said separation was brought about and has continued due to the willful bandonment of the defendant by the plaintiff . . ."

For a further answer and defense, and as a cross action for alimony without divorce under G.S. 50-16, defendant alleged, *inter alia,* that plaintiff, on June 18, 1958, "willfully and unlawfully and without just cause or provocation on the part of the defendant, abandoned the plaintiff and her minor children and completely separated himself from them without providing adequate support for them in accordance with his means and condition in life." In addition, she alleged that, on September 3, 1958, in the Municipal Court of the City of Winston-Salem, North Carolina, plaintiff was tried on a criminal warrant charging his abandonment and nonsupport of his wife and their three children; and that said court adjudged plaintiff guilty of said criminal charge and pronounced judgment. She attached to her pleading a copy of the minutes of said Municipal Court relating to said criminal prosecution.

In reply, plaintiff denied the allegations in defendants' said further answer, defense and cross action, with this exception: Plaintiff admitted he was found guilty of abandonment and nonsupport of defendant in said Municipal Court on September 3, 1958, but alleged he "then denied his guilt and pleaded not guilty and still contends that he was not guilty of abandonment and non-support . . ."

At trial, after the jury had been impaneled and pleadings read, defendant moved for judgment on the pleadings dismissing plaintiff's action. Thereupon, the court entered judgment, which set forth as a finding of fact "(t)hat it is contended and admitted by counsel for both plaintiff and defendant in open court that no appeal was taken from the conviction of the plaintiff in the Municipal Court of the City of Winston-Salem upon the charge of willful abandonment and non-support of the defendant."

The court "concluded as a matter of law that the plaintiff, having

admitted the defendant's plea in bar, cannot maintain an action for an absolute divorce based upon the facts which constitute the defendant's plea in bar . . ."

Thereupon, the court adjudged "that the plaintiff's action for an absolute divorce be and the same is hereby dismissed upon the pleadings filed in this cause." The judgment contained these further provisions: (1) Plaintiff was ordered to pay $150.00 to defendant's counsel as a fee for his services to defendant; (2) at defendant's request, defendant's cross action for alimony without divorce was dismissed "as a voluntary nonsuit in said cause"; (3) it was ordered that plaintiff pay the costs. Plaintiff excepted to the judgment and appealed.

*Fred M. Parrish, Jr., for plaintiff appellant.*
*W. Scott Buck for defendant appellee.*

BOBBITT, J.   Plaintiff alleged that he and defendant lived together as husband and wife from their marriage on June 12, 1948, until their separation on June 18, 1958, and that they lived separate and apart *continuously* from June 18, 1958, until this action was instituted. These allegations show affirmatively there was only one "separation," namely, the "separation" on June 18, 1958, and dispel any suggestion that plaintiff and defendant lived together thereafter. Thus, it appears the prosecution and conviction of plaintiff in the Municipal Court of the City of Winston-Salem on September 3, 1958, on a criminal warrant charging that he wilfully abandoned defendant and their children without providing adequate support for them, necessarily relates to the "separation" on June 18, 1958, on which plaintiff relies as a basis for his action for absolute divorce on the ground of two years separation.

Where the husband sues the wife under G.S. 50-6 for an absolute divorce on the ground of two years separation, the wife may defeat the husband's action by alleging and establishing as an affirmative defense that the separation was caused by the husband's wilful abandonment of his wife. *Johnson v. Johnson,* 237 N.C. 383, 385, 75 S.E. 2d 109, and cases cited; *Pruett v. Pruett,* 247 N.C. 13, 25, 100 S.E. 2d 296, and cases cited. In such case, the burden of proof is on the defendant (wife) to establish her said affirmative defense. *Taylor v. Taylor,* 225 N.C. 80, 83, 33 S.E. 2d 492; *McLean v. McLean,* 237 N.C. 122, 125, 74 S.E. 2d 320. She must do so by the greater weight of the evidence. *Hyder v. Hyder,* 215 N.C. 239, 1 S.E. 2d 540.

The said Municipal Court was a court of competent jurisdiction. Plaintiff could have, but did not appeal from his conviction and the judgment entered thereon. The issue raised by plaintiff's plea of not guilty in said criminal prosecution is the identical issue raised by

plaintiff's denial of defendant's alleged affirmative defense or plea in bar. The only difference is that in the criminal prosecution the State had the burden of proving defendant's guilt beyond a reasonable doubt.

The question is whether plaintiff's admitted conviction in said criminal prosecution bars his right to maintain this action. More fully stated, the question is whether plaintiff can maintain an action for absolute divorce on the ground of two years separation when, in the criminal prosecution, it was established that the "separation" on which he relies was caused by his criminal conduct in wilfully abandoning his wife and children without providing adequate support for them.

In *Reynolds v. Reynolds,* 208 N.C. 428, 181 S.E. 338, the defendant, as a bar to the plaintiff's action for absolute divorce on the ground of two years separation, pleaded the plaintiff's conviction in a court of competent jurisdiction of the crimes of assault and battery upon his wife and the wilful abandonment of his wife and their children. The trial court ruled that the defense pleaded was not a bar to the plaintiff's right to maintain the action and excluded the evidence offered by the defendant to prove her alleged affirmative defense or plea in bar. Upon the defendant's appeal from a judgment of absolute divorce, this Court held " (t)here was error in declining to hear the defendant's plea," and set aside the verdict and judgment and remanded the cause for another hearing. *Stacy, C.J.,* speaking for this Court, stated: "To say that civil rights enforceable through the courts, may inure to one out of his own violation of the criminal law, *and against the very person injured,* would be to blow hot and cold in the same breath, or, Janus-like, to look in both directions at the same time. The law is not interested in such double dealing or slight-of-hand performance; it sets its face like flint in the opposite direction." (Our italics)

In *Brown v. Brown,* 213 N.C. 347, 196 S.E. 333, the judgment dismissing the plaintiff's action for absolute divorce on the ground of two years separation was sustained. In the preliminary statement by *Barnhill, J.* (later C.J.), this appears: "At the hearing the evidence tended to show that the plaintiff had been indicted and convicted of the crime of abandonment and nonsupport of his wife and his children begotten of her during coverture." The fourth issue, answered, "Yes," was as follows: "4. Has the said separation of husband and wife been due to the criminal and unlawful acts of the husband, as alleged in the answer?" The record shows that Judge Grady, who presided at the trial, instructed the jury as follows: "The record of the criminal proceeding in the Recorders Court in Pitt County has been offered in evidence; all of this evidence being certified to by the Clerk of the Superior Court of Pitt County, to the effect that Claud L. Brown was convicted in the Recorders Court of abandonment, and that a sus-

pended sentence was placed upon him. Gentlemen, he would not be permitted to contradict the record which has been offered in evidence, and therefore I charge you that you will answer the fourth issue YES, so I will answer it for you, gentlemen, if you desire me to you will please raise your hand. (Jurors all raised their hands)." Thus, in substance, the court held that the plaintiff's conviction in the criminal prosecution constituted a bar to the plaintiff's action as a matter of law.

Reference to the record in *Briggs v. Briggs,* 215 N.C. 78, 1 S.E. 118, discloses that, in the criminal prosecution on the 1938 warrant referred to therein, Briggs, the plaintiff, was adjudged not guilty of the criminal abandonment of his wife; and *the plaintiff* was relying upon *his acquittal* in said criminal prosecution. "The great weight of authority supports the rule that a judgment of acquittal is not effective under the doctrine of res judicata in later civil proceedings, and does not constitute a bar to a subsequent civil action involving the same subject matter." 30A Am. Jur., Judgments § 474; *Edwards v. Jenkins,* 247 N.C. 565, 568, 101 S.E. 2d 410. In a criminal action, an acquittal, while it denotes the failure of the prosecution to establish the defendant's guilt beyond a reasonable doubt, does not affirmatively establish the defendant's innocence.

Plaintiff relies on *Trust Co. v. Pollard,* 256 N.C. 77, 123 S.E. 2d 104, an action for wrongful death, in which the plaintiff alleged that, in a criminal prosecution for the murder of his intestate, the defendant was convicted of the crime of manslaughter. This Court held that the defendant's motion to strike these allegations should have been allowed because evidence in support thereof would have been incompetent.

Decision in *Trust Co. v. Pollard, supra,* is based on "(t)he general and traditional rule supported by a great majority of the jurisdictions . . . that, in the absence of a statutory provision to the contrary, evidence of a conviction and of a judgment therein, or of an acquittal, rendered in a criminal prosecution, is not admissible in evidence in a purely civil action to establish the truth of the facts on which the verdict of guilty or of acquittal was rendered . . ." However, in *Trust Co. v. Pollard, supra,* the opinion of *Parker, J.,* after citing and discussing *Eagle, Star and British Dominions Ins. Co. v. Heller* (Va.), 140 S.E. 314, 57 A.L.R. 490, hereafter referred to as *Heller,* clearly states that we then reserved, until confronted by a factual situation presenting the question, whether "a convicted criminal" may assert rights based on the criminal conduct for which he was convicted.

In *Heller,* plaintiff's conviction of having wilfully burned his stock of goods with intent to injure the insurer, was held a bar to his action to recover under a fire insurance policy upon the same stock of goods. The Virginia Supreme Court of Appeals, in a notable and well reason-

ed opinion by *Prentis, P.*, took the view that, to adhere to the general and traditional rule under such circumstances, "would be a reproach to the administration of justice."

With reference to factual situations similar to that considered in *Heller*, there are three lines of decision: (1) Decisions in accord with the general and traditional rule to the effect that the judgment in the criminal case is neither a bar nor admissible as evidence. *Interstate Dry Goods Stores v. Williamson* (W. Va.), 112 S.E. 301; *Girard v. Vermont Mut. Fire Ins. Co.* (Vt.), 154 A. 666. (2) Decisions to the effect that the judgment in the criminal case is not conclusive but is admissible in civil actions as *prima facie* evidence of the facts on which the conviction rests. *Schindler v. Royal Ins. Co.* (N.Y.), 179 N.E. 711. (3) Decisions such as *Heller*, which hold that judgment in the criminal case is conclusive and bars the convicted person from re-litigating the issue determined therein. *Austin v. United States*, 125 F. 2d 816. In this connection, see Wigmore on Evidence, Third Edition, Vol. V, § 1671(a); Virginia Law Review, Vol. XXXIX, pp. 995-1011.

In an article discussing *Heller*, S. Sharp, now a member of this Court, stated this conclusion: "The instant case is against the weight of authority but is supported by reason and a number of well considered cases." 6 N.C.L.R. 334. We agree. Moreover, *Heller* is in accord with *Reynolds v. Reynolds, supra*, and *Brown v. Brown, supra*.

As in *Heller*, our decision is limited to a factual situation where the plaintiff is seeking to profit from criminal conduct for which he has been prosecuted and convicted. We are of opinion, and so hold, that, where plaintiff has been convicted of having wilfully abandoned his wife without providing adequate support for her, his said conviction is a bar to his action for absolute divorce grounded on the "separation" involved in the criminal prosecution.

Technically, the parties in the criminal prosecution were different. Even so, the issue was identical, and the plaintiff, in the criminal action, had his day in court with reference to such issue. Compare *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655, and cases cited. While the conduct for which plaintiff was convicted constitutes an offense against society, such conduct was made criminal to afford protection to the wilfully abandoned wife. In such criminal prosecution, the wife, although not technically a party, is the person upon whose testimony the State, in large measure, must rely; and the criminal prosecution is based on and arises from the rights and obligations subsisting between the prosecutrix (wife) and the defendant (husband).

It is noted: As an exception to the rule that a judgment of absolute divorce terminates all rights arising out of the marriage, it is provided that "a decree of absolute divorce shall not impair or destroy

the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court rendered before the rendering of the judgment for absolute divorce." G.S. 50-11. In the event plaintiff obtains an absolute divorce, it would seem that defendant's right to support would terminate notwithstanding plaintiff's said conviction and the judgment imposing a sentence suspended on condition that he make specified payments for the support of *his wife*.

The conclusion reached is that plaintiff's said conviction bars his right to obtain an absolute divorce on the facts alleged in his complaint. Hence, the judgment of Judge Phillips is affirmed.

Affirmed.

HIGGINS, J., dissenting. The plaintiff here was the defendant in the case of *State v. Taylor* in the Municipal Court of Winston-Salem. He entered a plea of not guilty to the charge of abandoning his wife, the present defendant. The judge of the municipal court entered a verdict of guilty. From the judgment imposed, the defendant (plaintiff here) did not appeal.

This Court is now holding the judgment of the municipal court is *res judicata* as to abandonment and a bar to plaintiff's right to proceed in this divorce action. The first requisite to a valid plea of *res judicata* is identity of parties. *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125; *Coach Co. v. Burrell*, 241 N.C. 432, 85 S.E. 2d 688; *Leary v. Bank*, 215 N.C. 501, 2 S.E. 2d 570. In the criminal case the State of North Carolina was the plaintiff. Mrs. Taylor may have been a witness, but she was not a party. *Res judicata* binds parties — not witnesses.

I think the plea in bar should have been overruled. The defendant, of course, would be entitled to her opportunity before the jury. The plaintiff's admission was not of guilt, but that he was convicted by the court. I vote to reverse.