## MELVIN E. MOORE v. JAMES WILLIAM YOUNG.

### (Filed 11 December 1963.)

**1. Judgments § 29—**

A conviction of defendant of involuntary manslaughter in the death of plaintiff's wife resulting from the same collision will not bar defendant driver from maintaining a cross action against plaintiff driver, since a judgment ordinarily binds only the parties and those in privity with them so that the estoppel is mutual.

**2. Automobiles §§ 35, 37; Pleadings § 34—**

In defendant driver's cross action against plaintiff driver, plaintiff is not entitled to plead a prior conviction of defendant of involuntary manslaughter in the death of plaintiff's wife resulting from the same collision, and therefore defendant's motion to strike allegations in regard thereto from plaintiff's reply should have been allowed.

APPEAL by defendant from *Braswell, J.,* May 1963 Session of JOHNSTON.

Action and cross action arising out of a collision that occurred April 29, 1961, on N. C. Highway #242, near Benson, North Carolina, between a 1953 Cadillac operated by plaintiff and a 1950 Chevrolet pickup truck operated by defendant.

The pleadings consist of (1) the complaint, (2) the answer, including further defense and cross complaint, and (3) the reply to said further defense and cross complaint. Each party alleged the collision and resulting injuries and damage were caused solely by the negligence of the other or, conditionally, that the other's action (cross action) was barred by his contributory negligence.

A settlement of *plaintiff's action* was negotiated, without the knowledge, consent or approval of defendant, by and between plaintiff and defendant's liability insurance carrier; and pursuant thereto a consent judgment, which dismissed *plaintiff's action* "as of nonsuit," was entered "(w)ithout prejudice to the defendant's counterclaim."

When the case was called for trial of defendant's cross action, the court, over defendant's objection, permitted plaintiff to amend his reply by alleging the following:

"In case #10,118, entitled *'State vs. James W. Young,'* the defendant in this action, James W. Young, was found guilty on Friday, Feb. 15, 1962 (*sic*), during a mixed term of court in the Superior Court of Johnston County, of involuntary manslaughter on a bill of indictment arising out of the same accident as alleged in plaintiff's amended reply; that he was sentenced to one to two years in prison, and suspended for three years upon condition that

he pay a fine of $250.00 and costs; that no appeal was taken from this verdict and judgment; that the plaintiff specifically pleads the judgment in the criminal court as a complete bar, and requests that this action be dismissed as being *res adjudicata."*

It was stipulated that defendant was prosecuted for involuntary manslaughter at February Criminal Session 1963 of Johnston Superior Court on account of said collision of April 29, 1961; that defendant pleaded "not guilty"; that the jury returned a verdict of "guilty as charged"; and that no appeal was taken by defendant from said verdict and the judgment pronounced thereon.

After a hearing of said plea in bar on said stipulated facts, the court, being of the opinion the said verdict and judgment of involuntary manslaughter constituted a bar to defendant's said cross action, entered judgment dismissing defendant's said cross action and taxing defendant with the costs. Defendant excepted and appealed.

*Smith, Leach, Anderson & Dorsett and C. K. Brown for plaintiff appellee.*
*J. R. Barefoot and C. C. Canady, Jr., for defendant appellant.*

BOBBITT, J.    In *Trust Co. v. Pollard,* 256 N.C. 77, 123 S.E. 2d 104, an action for wrongful death, the plaintiffs alleged that, in a criminal prosecution for the murder of their intestate, the defendant was convicted of the crime of manslaughter. This Court held the defendant's motion to strike these allegations should have been allowed because evidence in support thereof would have been incompetent. Reference was made to our decisions in civil actions growing out of automobile collisions in which it was held incompetent to show the operator (a party) of one of the vehicles had been convicted of reckless driving, *Swinson v. Nance,* 219 N.C. 772, 15 S.E. 2d 284, or of driving under the influence of intoxicating liquor, *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1, on account of his conduct in relation to *the very collision* on which the civil action was based. Indeed, it was held incompetent to impeach *the testimony* of such operator by asking him on cross-examination as to his said criminal conviction.

The decision in *Trust Co. v. Pollard, supra,* is based on "(t)he general and traditional rule supported by a great majority of the jurisdictions . . . that, in the absence of a statutory provision to the contrary, evidence of a conviction and of a judgment therein, or of an acquittal, rendered in a criminal prosecution, is not admissible in evidence in a purely civil action to establish the truth of the facts on which the verdict of guilty or of acquittal was rendered . . ." How-

ever, in *Trust Co. v. Pollard, supra,* this Court, in opinion by *Parker, J.,* after citing and discussing *Eagle, Star and British Dominions Ins. Co. v. Heller* (Va.), 140 S.E. 314, 57 A.L.R., 490, hereafter referred to as *Heller,* then reserved the question whether "a convicted criminal" may assert rights based on the criminal conduct for which he was convicted.

In *Taylor v. Taylor,* 257 N.C. 130, 125 S.E. 2d 373, in accord with prior decisions of this Court relating to similar husband-wife factual situations and in accord with *Heller,* this Court held that where the plaintiff had been convicted of the wilful abandonment of his wife without providing adequate support for her, his said conviction was a bar to his action for absolute divorce on the ground of two years' separation based on the "separation" involved in the criminal prosecution. Decisions in accord with *Heller,* not referred to in *Taylor v. Taylor, supra,* include: *Connecticut Fire Insurance Company v. Ferrara* (C.C.A. 8th), 277 F. 2d 388; *Mineo v. Eureka Security Fire & Marine Ins. Co.* (Pa.), 125 A. 2d 612; *Teitelbaum Furs, Inc. v. Dominion Insurance Company* (Cal.), 375 P. 2d 439.

In *Taylor v. Taylor, supra,* this statement appears: "As in *Heller,* our decision is limited to a factual situation where the plaintiff is seeking to profit from criminal conduct for which he has been prosecuted and convicted."

Defendant's cross action is based on the alleged actionable negligence of plaintiff. Plaintiff asserts defendant's conviction of involuntary manslaughter as in effect establishing defendant's contributory negligence as a matter of law. Clearly, under *Trust Co. v. Pollard, supra,* in his action against defendant plaintiff could not have alleged defendant's conviction of involuntary manslaughter to establish actionable negligence. It is noted that the burden of proof on the contributory negligence issue arising on defendant's cross action rests upon plaintiff in like manner as on the negligence issue in an action by plaintiff to recover from defendant.

In 8 Am. Jur. 2d, Automobiles and Highway Traffic § 944, it is stated: "In actions to recover for injuries sustained allegedly as a result of the negligent operation of a motor vehicle, evidence of prior criminal convictions for the same acts is generally excluded, either because of the often perfunctory nature of the 'criminal' proceedings in such cases and the fact that such cases and the fact that such convictions are frequently uncontested, or because of traditional reasons as to variations in parties, procedures, and the like. In some jurisdictions statutes have been enacted which expressly provide that no evidence of the conviction of any person for the violation of a statute or ordi-

nance relating to the operation of motor vehicles is admissible in any court in any civil action."

Whether this Court will extend or strictly limit the application of the legal principle on which *Taylor v. Taylor, supra,* is based, must be determined in relation to specific factual situations. Suffice to say, we hold it does not apply to the factual situation now under consideration.

Obviously, the conviction for involuntary manslaughter involved the death of a person other than the present plaintiff. (Note: The *briefs* advise us that plaintiff's wife was killed as a result of the collision.) It is not alleged that defendant has been convicted of an assault on this plaintiff with a deadly weapon, to wit, an automobile.

Assume, *arguendo,* an action for the alleged wrongful death of plaintiff's wife in which judgment was recovered against defendant on the basis of a jury finding that the death of plaintiff's wife was proximately caused by the actionable negligence of defendant. In such case, plaintiff would not be a party or privy to such action and would not be bound thereby. This judgment would not constitute *res judicata* as to defendant's actionable negligence (or his contributory negligence) in a separate suit involving an action and cross action between plaintiff and defendant.

"Generally, to constitute a judgment an estoppel there must be identity of parties, of subject matter and of issues. *Hardison v. Everett,* 192 N.C. 371, 135 S.E. 288. It is a principle of elementary law that the estoppel of a judgment must be mutual, and 'ordinarily the rule is that only parties and privies are bound by a judgment.' *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321; 116 A.L.R. 1083. When used with respect to estoppel by judgment, 'the term "privity" denotes mutual or successive relationship to the same rights of property.' Greenleaf on Evidence, Redfield Ed., Vol. 1, sec. 189, p. 216." *Leary v. Land Bank,* 215 N.C. 501, 505, 2 S.E. 2d 570. For exceptions (not applicable here) to these well settled rules, see *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167; *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492.

In *Coach Co. v. Burrell, supra,* it is stated: "The great weight of authority seems to be that a judgment for the plaintiff in an action growing out of an accident is not *res judicata,* or conclusive as to issues of negligence or contributory negligence, in a subsequent action growing out of the same accident by a different plaintiff against the same defendant. *Tarkington v. Printing Co.; Dunston v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; Anno. 133 A.L.R., p. 185 IIIb." See also, Annotation, "Judgment in action growing out of accident as *res judicata,* as to negligence or contributory negligence, in later action growing out of

same accident by or against one not a party to earlier action," 23 A.L.R. 2d 710, § 5, p. 717; Restatement, Judgments § 93; *Meacham v. Larus & Brothers Co.*, 212 N.C. 646, 194 S.E. 99; *Light Co. v. Insurance Co., supra; Morgan v. Brooks*, 241 N.C. 527, 85 S.E. 2d 869.

If in the (assumed) wrongful death action, the jury's answer as to defendant's actionable negligence would not be *res judicata* in plaintiff's action, we perceive no sound reason why defendant's conviction of the involuntary manslaughter of plaintiff's wife should be considered in effect *res judicata* with reference to the issues raised in plaintiff's action or in defendant's cross action. Obviously, plaintiff was not a party to the criminal prosecution in which defendant was convicted of involuntary manslaughter. Moreover, the subject of the criminal prosecution, the death of plaintiff's wife, is not the subject of this action.

For the reasons stated, we are of opinion, and so decide, that the defendant's conviction of the involuntary manslaughter of plaintiff's wife is not a bar to defendant's cross action herein and that, for reasons set forth in *Trust Co. v. Pollard, supra,* the court erred in permitting plaintiff to amend his reply so as to allege facts relating to defendant's said conviction. Accordingly, the judgment of the court below is reversed and the cause is remanded to the end that an order be entered striking from plaintiff's reply the allegations relating to defendant's conviction of involuntary manslaughter.

Reversed and remanded.